### WESTERN TELEPHONE CONST. CO. v. STROMBERG et al.

(Circuit Court, N. D. Illinois, N. D. February 19, 1895.)

1. PATENTS—VALIDITY—ESTOPPEL BY ASSIGNMENT.
   Defendants, in a suit for infringement of patents, are estopped from denying the validity of the patents which said defendants have assigned for a consideration to complainant, but they are not precluded from showing the prior state of the art, to ascertain the nature and extent of the thing granted.

2. SAME—PRELIMINARY INJUNCTION.
   In a motion for preliminary injunction it is not necessary to pass upon the question of constructive identity, but it is sufficient that a doubt is fairly raised by the affidavits of the experts in behalf of defendants, who point out grounds of distinction between the complainant's patents and the device of defendants in the light of the prior art, and assert that there is no infringement.

3. SAME—IMPROVEMENTS IN TELEPHONES.
   Preliminary injunction against infringement of patents Nos. 504,636 and 516,777, for improvements in telephones, denied, on the ground that infringement did not clearly appear.

This was a bill by the Western Telephone Construction Company against Alfred Stromberg and Androy Carlson for infringement of certain patents. Complainant moved for a preliminary injunction.

Stanley S. Stout (J. H. Raymond, of counsel), for complainant.
Barton & Brown, for defendants.

SEAMAN, District Judge. This is a motion for a preliminary injunction to restrain alleged infringement of letters patent No. 504,636 and No. 516,777. The claims of which infringement is asserted read as follows:

In No. 504,636, one claim:

"(1) In a telephone, the combination of the pole pieces, d, d, with the extensions, f, f, the angular pieces of iron, f', f', attached thereto, the helices, g, g, surrounding the ends of said angular pieces, and the diaphragm, h, adapted to vibrate in proximity to said angular pieces of iron, substantially as described."

In No. 516,777, two claims:

"(1) The combination with a horizontally shifting telephone hook, yieldingly maintained at one end of its travel, of a bracket, one edge thereof occupying a position between the members of said hook, whereby the insertion of the telephone receiver between said edge and the outer member of said hook may impart to the hook a transverse movement, substantially as described.

"(2) The combination with a horizontally shifting telephone hook, yieldingly maintained at one end of its travel, of a bracket, one edge thereof occupying a position between the members of said hook and contact points controlled by said telephone hook, substantially as described."

The complainant relies for an injunction pendente lite upon the following propositions: (1) That the defendants are the patentees to whom both these letters patent were issued, and "the grantors of the full exclusive license to the complainant" thereunder, and are therefore "estopped from denying the validity of the face value of these patents"; and, further, that such estoppel prevents inquiry into the prior state of the art, to narrow the construction or scope of the claims, or, as broadly stated in the argument for complainant, that for the purposes of this motion, "until some further possible showing is made by the defendants, no defense is now open to them." (2) That infringement is clearly shown.

1. It is the undoubted rule that the defendants, as grantors, cannot impeach the validity of the patents, but I am satisfied that the estoppel does not reach to the extent urged by the complainant. The defendants are not precluded from showing the prior state of the art to ascertain "the nature and extent of the thing granted." Babcock v. Clarkson, 63 Fed. 607, 11 C. C. A. 351; Martin & Hill Cash Carrier Co. v. Martin, 62 Fed. 272. The cases cited in behalf of complainant do not seem to me to support its contention. Purifier Co. v. Guilder, 9 Fed. 155; Burdsall v. Curran, 31 Fed. 918; Adee v. Thomas, 41 Fed. 342, 346; Blount v. Societe, etc., 3 C. C. A. 455, 53 Fed. 98. They simply exemplify the rule that the grantor cannot deny or question the validity of his grant or title, or set up his own fraud or mistake to defeat or derogate from his grant. The defendants have introduced showing of the prior state of the art for the purpose of construing the claims of the patents. This is competent, at least so far as it is made to appear that the patentees were not original inventors of telephones or telephone switches; but the invention claimed was only an improvement of

a known device, and the doctrine of equivalents cannot be invoked to suppress other improvements in the same line which are not "mere colorable invasions of the first." The claims must be restricted to the specific form of device for which the patent was granted. Railroad Co. v. Mellon, 104 U. S. 112; White v. Dunbar, 119 U. S. 47, 7 Sup. Ct. 72; Miller v. Manufacturing Co., 151 U. S. 186, 14 Sup. Ct. 310.

2. With inquiry open in reference to the prior art, the affidavits of Messrs. Haskins and Jones disclose numerous prior devices in telephones and telephone switches, and that these patents can only have force as improvements in the means. Indeed, the reports are full of adjudications of which notice can be taken to that effect. The affidavits on behalf of defendants alleging breach of contract of employment and misrepresentations cannot be considered upon this motion. The only question is of infringement or identity of devices, and the issue is not upon the alleged subsequent patent granted to the defendants (of which copy is presented in the argument of complainant), but upon the devices which were produced and conceded as an exhibit of the defendants' alleged infringement. The rule is settled that the fact of infringement must be conclusively shown for an injunction pendente lite. Therefore, upon this motion, it is not necessary to pass upon the question of constructive identity, but it is sufficient that a doubt is fairly raised by the affidavits of the learned experts in behalf of defendants, who point out the ground of distinction in the light of prior art, and assert that there is no infringement. Cogent reasons are presented by their affidavits against infringement of the combination in the claim of letters patent No. 504,636, in the absence of a pole piece in defendants' apparatus. And, while the showing may not be clearly made out that the switch device is not a mere evasion of No. 516,777, I cannot say that a conclusion is undoubted in view of the affidavits and the reference to the Phelps switch and other prior devices. It follows that an injunction must be denied, leaving all questions of identity to final hearing; and it is so ordered. The demurrers interposed by the defendants are overruled, as the complainant was allowed to amend upon the technical and only ground which was well taken.