PITTSBURGH, C., C. & ST. L. RY. CO. v. RUSS.

(Circuit Court of Appeals, Seventh Circuit. May 11, 1895.)

No. 237.

1. RAILROADS—EXPULSION OF PASSENGER—MEASURE OF DAMAGES.
   The extent of the injury of a passenger who has been wrongfully expelled from a railroad train, and the amount of damages recoverable, do not depend at all upon the intentions or good faith of the conductor in executing a rule of the company, but only upon what was done and the consequent injury.

2. SAME—CONSEQUENCES OF RESISTANCE.
   A passenger who is wrongfully expelled from a railroad train is entitled to compensation for any increased injury which results from such forcible resistance to expulsion as he is entitled to make to denote that he is being removed against his will. Per Woods and Jenkins, Circuit Judges.

3. SAME—DEGREE OF RESISTANCE.
   The public interest against a breach of the peace is no more a limitation on the rights of the injured plaintiff, in trespass against a railroad company, than against any other wrongdoer. The passenger may make sufficient resistance to repel an unlawful assault by the company, and the latter will be liable for all hurt inflicted on such passenger in overcoming or attempting to overcome his resistance. Railroad Co. v. Winter's Adm'r, 12 Sup. Ct. 356, 143 U. S. 73, distinguished. Per Showalter, Circuit Judge.

In Error to the Circuit Court of the United States for the District of Indiana.

This was an action by Charles A. Russ against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company for personal injuries. Upon the first trial in the circuit court the plaintiff recovered a judgment for $1,000, which was reversed by this court. 6 C. C. A. 597, 57 Fed. 822. Upon a second trial the plaintiff recovered a judgment for $2,500. Defendant brings error. Affirmed.

The plaintiff was a passenger on one of defendant's trains from Louisville, Ky., bound to Indianapolis. He tendered to the conductor a mileage ticket, which, by the conditions annexed to it, was not transferable, and required the passenger presenting it to sign his name upon the ticket, in the presence of the conductor, in order to identify himself. The company had issued instructions to its conductors requiring them to enforce these conditions strictly, without fear or favor. The conductor required the plaintiff to sign his ticket, which he did; but the conductor, in the erroneous belief that the plaintiff was not really the owner of the ticket, took it up, and required the plaintiff to pay fare. Upon his refusal to do so, he was forcibly put off the train at Jeffersonville, Ind. The plaintiff claimed that the force used in overcoming his resistance to expulsion brought on a nervous disorder, from which he had previously been suffering.

Samuel O. Pickens, for plaintiff in error.

Albert J. Beveridge, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This action was for the wrongful removal of the appellee from a passenger train of the appellant. The case is here the second time, and for a fuller statement of it reference is made to the opinion reported in 6 C. C. A. 597, 57 Fed. 822, 18 U. S. App. 279. The first recovery, which was for $1,000, was reversed because the jury was instructed that punitive damages might be allowed if the injury was wanton. The judgment against which relief is now sought is for $2,500, and the errors assigned again relate to instructions given and refused, but it is stated in the brief of appellant that the only error relied upon is the refusal of the court to give the instructions asked. There are two of them. The first is to the effect that railroad companies have the right to issue nontransferable mileage tickets with reasonable conditions attached, like those attached to the ticket sold by the appellant to the appellee, and in regard thereto to issue reasonable instructions to conductors, like those shown to have been issued by the appellant to its conductors. All evidence in respect to the ticket and its conditions, and in respect to the rules and regulations of the company on the subject, was introduced on behalf of the appellant, and the argument in support of the proposed instruction is that:

"If the conditions attached to the ticket, and the instructions of the company under which the conductor was acting, were reasonable, and such as the company might lawfully make and enforce, and the conductor was acting thereunder in good faith, with no purpose to oppress or wrong the passenger, the defendant in error was not entitled to damages for any increased humiliation and shame and consequent mental suffering resulting from the determined action of the conductor in obedience to said conditions and instructions."

The proposition is too remote and intangible to be availing. There is nothing in the conditions of the ticket, or in the regulations of the company in respect to tickets of that class, which a fair-minded juror, though unaided by an instruction, could have regarded as unreasonable, or as affecting the amount of damages, which were to be awarded, as the charge of the court required, on the basis of compensation for the injury actually suffered by the appellee, including the humiliation and consequent mental suffering caused by the action of the conductor. The extent of that injury—punitive

damages being excluded—in no manner depended upon the intentions or good faith of the conductor. It was material to consider only what was done by the conductor, and the consequent injury to the appellee.

By the second request the court was asked to charge that if the plaintiff resisted the conductor's efforts to eject him, so as to require the use of force, and such resistance aggravated or increased the nervous trouble under which the plaintiff claimed to have been suffering, the resistance and resultant increase of suffering should be considered in mitigation of damages. Our views upon the question of the right of a passenger upon a railroad train to resist wrongful expulsion are indicated by our former opinion in this case. The rule declared by the supreme court in Railroad Co. v. Winter's Adm'r, 143 U. S. 60, 73, 12 Sup. Ct. 356, is that one rightfully on a train as a passenger has the right to refuse to be ejected, and to make a sufficient resistance to denote that he is being removed against his will. There was, therefore, no error in refusing the instruction in question. If it had been limited to injury caused by a voluntary or intended excess of resistance over what was necessary to show the unwillingness of the appellee to be expelled from the train, it ought perhaps to have been given; but, to the extent of rightful resistance, if increased injury resulted, the right to increased compensation necessarily followed.

SHOWALTER, Circuit Judge (concurring). If the passenger be ordered to leave the train, his getting off is prima facie caused by the order. He need not resist "to denote" that his leaving is "against his will." If, however, the company have no right to eject him, he may repel the assault with all needful force, and the company will be liable for the trespass and all the consequences thereof, whether he succeed in remaining on the train or be put off. On the other hand, if the passenger be, like a ticket holder in a theater, a licensee, then he must leave the train when ordered. By refusing, he becomes himself a trespasser, and may be put off. On either theory, the company would be liable for refusal to carry him, and this liability might involve consequences of aggravation. On the former theory, an action would also lie for the assault, but, of course, not on the latter. The dictum in Railroad Co. v. Winter's Adm'r, 143 U. S. 73, 12 Sup. Ct. 356, that one "rightfully on the train as a passenger" has "the right to refuse to be ejected from it, and to make a sufficient resistance to being put off to denote that he is being removed by compulsion and against his will," implies that the public interest against a breach of the peace may be a limitation upon the rights of the injured party in trespass against the wrongdoer. Substantially this idea was the ground of decision in the overruled case of Newton v. Harland, 39 E. C. L. 952, in England, and in the cases, also overruled, of Dustin v. Cowdry, 23 Vt. 635, and Reeder v. Purdy, 41 Ill. 279, in America. The passenger cannot have the right to remain on the train while the carrier has the right to eject him. The latter cannot be saved from the consequences of the former's resistance to an unlawful attempt to eject him. A

right on the part of the carrier to persist in the assault cannot arise out of a resistance by the passenger greater than necessary "to denote" that he is "being removed by compulsion and against his will." The passenger's right to remain on the train secure from assault cannot be lost or impaired by such persistent resistance to a wrongful assault. In Railroad Co. v. Winter's Adm'r the passenger was hurt as a consequence of a resistance obviously much more than sufficient "to denote" that he was "being removed against his will," but the carrier was held for such hurt. As stated in the report, "there was no question in the case respecting the measure of damages." The dictum above quoted was aside from the case. I agree that we must affirm. But, since we hold that the order to leave the train does not make the passenger who disobeys a trespasser, our judgment must necessarily mean that the defendant is liable for the consequences of whatever resistance the passenger wrongfully assaulted and expelled saw fit to make. The judgment of the circuit court is affirmed.