## TERRY v. DAVY.

(Circuit Court of Appeals, Sixth Circuit. March 9, 1901.)

No. 901.

1. APPEAL—FAILURE TO TAKE BILL OF EXCEPTION—PRESUMPTION.

Neither the evidence nor the charge of the court on an issue as to the citizenship of plaintiff in error being before the court, as no bill of exceptions was taken, it will be assumed that the jury properly found the issue against him.

2. JUDGMENT OF STATE SUPREME COURT—REVIEW BY CIRCUIT COURT OF APPEALS.

The circuit court of appeals has no power to review the judgment of a state supreme court.

3. SAME—ERROR RAISING FEDERAL QUESTION.

Alleged error of a state court in not following the law of another state does not raise a federal question.

4. CITIZENSHIP OF PARTY—ISSUE RAISED BY PLEA IN ABATEMENT—INDEPENDENT SUBMISSION TO JURY.

The act of March 3, 1875, makes it the duty of the circuit court to dismiss any suit on its own motion at any time, if it appears to its satisfaction that the suit "does not involve a dispute or controversy properly within the jurisdiction of said circuit court"; and hence where defendant properly raised a question of jurisdiction by plea in abatement alleging that both parties were citizens of the same state, there was no error in submitting the same to the jury as a separate issue, irrespective of the issue on the merits.

In Error to the Circuit Court of the United States for the Southern District of Ohio.

Harvey Terry, for plaintiff in error.

J. V. Lee, for defendant in error.

Before LURTON and SEVERENS, Circuit Judges, and CLARK, District Judge.

LURTON, Circuit Judge. The plaintiff in error, describing himself as a citizen of North Carolina, brought an action in the circuit court of the United States for the Southern district of Ohio against John W. Davy, a citizen of Ohio. The defendant pleaded in abatement that the plaintiff "is, and was at the time of commencing said action, a citizen of Ohio." The plaintiff filed a reply to this plea, which, by leave of the court, he several times amended; his last amendment being in these words:

"Now comes Harvey Terry, the complainant, and by leave of court moves to amend his reply filed January 3, A. D. 1900, in said cause, to wit: Added: 'Complainant pleads the general issue of the facts alleged in his bill of complaint,' and the further fact that he is the owner of large tracts of land located in North Carolina, partly farming lands with dwelling houses thereon;

that he has paid taxes on said property, of which he is now the owner; that he has voted in North Carolina since his sale of said land and removal described in his bill of complaint. "This amendment added to former reply. Harvey Terry."

Thereupon plaintiff entered a motion in these words:

"This cause coming on to be heard at this term of the court, complainant moves the court that this cause may be tried both on the plea in abatement and the general issue of the facts stated in the complaint; the general issue having been pleaded in defense of the plea."

This motion was overruled, and a jury impaneled, to whom was submitted the issue joined upon the plea in abatement, who found upon their oaths that the plaintiff was a citizen of the state of Ohio at the time he instituted his action. Upon this finding the circuit court dismissed the action for want of jurisdiction.

Neither the evidence nor the charge of the court upon the issue as to the citizenship of the plaintiff is before us, as no bill of exceptions was taken. We must, therefore, assume that the jury properly found that the plaintiff in error was a citizen of Ohio when he brought his action in the court below. Inasmuch as diversity of citizenship did not exist, there was no federal jurisdiction, unless the petition set up some right, privilege, or immunity guarantied or secured to him under the constitution, or some law of congress, or treaty made in pursuance thereof. The petition is exceedingly prolix. We have searched in vain for any federal question which would support an action in a federal court between citizens of the same state. No such question is stated. It appears that the defendant, Davy, was a real-estate broker, residing at Columbus, Ohio. The plaintiff resided in North Carolina, and owned a large body of land situated in that state, which he was desirous of selling or exchanging. Davy claimed that he had been employed to procure a sale or exchange, and that he did procure a purchaser, or one with whom the plaintiff made an exchange, and that for his services he had earned a commission. He accordingly brought an action against Terry to recover for his services so rendered. This suit was brought in a court of the state of Ohio, and process was duly served upon Terry, who appeared and defended. The suit resulted in a judgment against Terry, which was affirmed in both the circuit and supreme courts of Ohio. 54 N. E. 1110. Terry thereupon paid off the judgment, and later brought the present suit to recover the money so paid, and the damage and loss he had been put to by reason of said claim and suit. The petition seems to rest his "right of restitution and damages" upon the ground that no contract with Davy in respect to a sale or exchange of land in North Carolina was valid unless in writing, and that the Ohio court ought to have applied the law of North Carolina to the decision of the case. It is enough to say that this court has no power to review the judgment of the state court, and this contention of error, in not following the law of North Carolina, does not raise any federal question. The court below was, therefore, without jurisdiction, unless there existed the requisite diversity of citizenship.

The only errors assigned upon the action of the circuit court re-

late to the action of that court in submitting to the jury the issue as to the citizenship of the plaintiff without also submitting at the same time the issues of law and fact set out in the bill or petition. This question is, perhaps, best exhibited by the fourth and fifth assignments of error, which are as follows:

"(4) It was error in said United States circuit court to have overruled complainant's motion for the trial of said cause upon the general issues of law and facts alleged in complainant's bill when pleaded in defense of the plea. (5) It was error in the court to have submitted to the jury the finding of the question whether Harvey Terry was a citizen of Ohio on the 23d day of August, 1899, or not, without submitting complainant's bill and the pleadings of law and facts in the cause of action for adjudication and determination under the proofs produced on the trial."

There was no error in this. If the plaintiff and defendant were citizens of the same state, the court had no jurisdiction. The act of March 3, 1875, makes it the duty of the circuit court to dismiss any suit, on its own motion, at any time, if it shall appear to the satisfaction of the court that the suit "does not involve a dispute or controversy properly within the jurisdiction of said circuit court." The defendant below properly raised the question of jurisdiction by a plea in abatement. Being thus raised, it was properly submitted to a jury as a separate and independent issue. Hartog v. Memory, 116 U. S. 588, 6 Sup. Ct. 521, 29 L. Ed. 725; Farmington Village Corp. v. Pillsbury, 114 U. S. 138, 5 Sup. Ct. 807, 29 L. Ed. 114; Refining Co. v. Wyman (C. C.) 38 Fed. 574, 3 L. R. A. 503. In Ashley v. Board, 8 C. C. A. 455, 60 Fed. 55, we said, in discussing the practice when the jurisdiction of the court was challenged by proper plea, that "such a question is an independent one, and cannot properly be confused with the issue on the merits; otherwise, it could not be determined from the verdict whether it was founded on a question of jurisdiction or of the cause of action." The judgment is accordingly affirmed.