BRADFORD BELTING CO. v. KISINGER–ISON CO.

(Circuit Court of Appeals, Sixth Circuit. February 4, 1902.)

No. 1,002.

1. EQUITY—CONSTRUCTION OF DECREE.

A decree dismissing a bill upon a general demurrer thereto must be presumed to have been passed upon the merits, and not for want of jurisdiction, in the absence of any statement therein to the contrary.

**2.** PATENTS—RIGHTS OF LICENSEE—EFFECT OF ASSIGNMENT BY LICENSOR.

A patent was adjudged infringed by an article manufactured under a later patent, and sold by the defendant under a license from the owners of such patent, by which they also contracted to protect it and its customers in the sale and use of such article, and save it harmless from any suit for infringement. Subsequently such owners sold and assigned their patent to other parties, who thereafter assigned it to complainant in the infringement suit, which then became the owner of both patents. *Held*, that such assignment did not enlarge the rights of defendant in such suit as licensee, nor affect the force, between the parties, of the adjudication of infringement, and therefore afforded no ground for a bill in equity by the licensee to establish the right to continue the sale of the infringing article under its license.

**8.** SAME.

While an assignee of a patent takes it subject to equities existing in favor of a previous licensee, he does not, in the absence of express contract, assume any obligation to perform the contract of his assignor with the licensee, or to protect the latter in the rights which the license purports to convey.

**4.** SAME—LICENSE—BREACH OF WARRANTY OF VALIDITY.

A decree against a licensee, adjudging that an article manufactured under a patent and sold by defendant is an infringement of a prior patent, does not constitute an adjudication that the later patent is void, so as to establish a breach of a warranty of its validity by defendant's licensor.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

The Kisinger-Ison Company, the appellee in this appeal, on February 8, 1897, being the owner of letters patent No. 428,123, issued to David B. Morrison May 20, 1890, and of letters patent No. 491,811, issued to W. S. Kisinger March 7, 1893,—both said patents being for improvements in wire couplings, —exhibited its bill in the court below against the Bradford Belting Company, the appellant herein, complaining of the infringement by the latter company of the rights secured under the patents aforesaid. The answer of the defendant to the bill averred that the alleged infringement consisted of the sale of wire couplings made under and in accordance with letters patent No. 575,641, issued to Gerard and Lawrence January 19, 1897, and denied that their sales of couplings infringed either the Morrison or the Kisinger patents. Upon the hearing of that case the circuit court decreed in favor of the defendant, dismissing the bill. Upon appeal this court reversed the decree so far as it concerned the Morrison patent, which it held valid and infringed. An injunction was ordered, and a reference to a master to take and report an account of profits and damages, was directed. In pursuance of the mandate of this court, the circuit court issued a perpetual injunction against the defendant in that suit, and also ordered a reference to the master to take the account. The master proceeded upon the reference. Thereupon the defendant in that suit filed in the same court this bill, wherein, after setting forth the proceedings in the former suit as above recited, it alleged that, prior to the making of the sales of couplings which had been adjudged in said former suit to be an infringement of the Morrison patent, it had acquired, by grant from Gerard and Lawrence, the exclusive right of sale of wire couplings made under their said patent for the full term thereof; the said Gerard and Lawrence at the time of making such grant further stipulating to deliver to it (the Bradford Belting Company), at an agreed price, such couplings as it would from time to time order, or that upon their failure to do so the said Bradford Belting Company might manufacture them for itself, and, further, that they would protect it in the sale and use of said -couplings, and save it harmless from all loss and damages from any suit that might be brought for infringement on account of the sale or use thereof. It was therein further alleged that about April 1, 1897, Gerard and Lawrence assigned all their right, title, and interest in their said patent, including their

said contract with it (said Bradford Belting Company), to one Edward Case; that on the 8th of April, 1897, Case assigned one-half his interest therein to Gerard, and that Gerard and Case continued to furnish couplings to said company until about the date of the determination of this court in said former suit; and, further, that after the final decree therein, and the perpetual injunction therein ordered had been issued, Gerard and Case assigned all their right, title, and interest in said Gerard and Lawrence patent to the Kisinger-Ison Company for the expressed consideration of $150. It is charged that the Kisinger-Ison Company, at the time it took said assignment, had full knowledge of the rights of the complainant under its said grant and contract from and with Gerard and Lawrence, but that the said Kisinger-Ison Company refuses to perform the said contract. And it is complained that said Bradford Belting Company, as well as the public, are precluded from the benefits of said Gerard and Lawrence patent. The relief prayed by the bill is that the defendant, the Kisinger-Ison Company, be decreed to account for and pay over to the complainant the expenses of said former suit, as provided in the contract of the latter with Gerard and Lawrence; that the injunction in the former case be dissolved, and the complainant accorded its right as conferred by said contract with Gerard and Lawrence; that the complainant be absolved from all loss, cost, or damage arising out of said former suit; that specific performance by the defendant of the contract of Gerard and Lawrence with the complainant be decreed; and that such further relief be granted as the nature of the case requires. To this bill the defendant interposed a general demurrer. The case coming on to be heard on these pleadings, it was held and decreed "that the said demurrer be sustained, and the bill of complaint dismissed, at complainant's cost." Complainant appeals.

W. W. Wood, for appellant.

George J. Murray and Walter F. Murray, for appellee.

Before LURTON and SEVERENS, Circuit Judges, and WANTY, District Judge.

SEVERENS, Circuit Judge, having made the foregoing statement of the case, delivered the opinion of the court.

1. It is assigned as error that the court held that it had no jurisdiction over the matter complained of in the bill; but the demurrer raised no such question, nor is there anything in the record to show that the court held that it had no jurisdiction. On the contrary, the decree shows that it was passed upon the merits. If it had been dismissed for lack of jurisdiction, it should have been so stated therein. Ashley v. Board, 60 Fed. 55, 68, 8 C. C. A. 455; Terry v. Davy, 46 C. C. A. 141, 107 Fed. 50–52; Cattle Co. v. Frank, 148 U. S. 603–612, 13 Sup. Ct. 691, 37 L. Ed. 577. We must therefore presume from the decree that the bill was not dismissed on that ground. But it seems proper to say that we see no reason to doubt that, notwithstanding there is no independent ground of jurisdiction, the matter of the bill is so related to that of the original suit that it may be regarded as a dependency thereof, and may be supported upon the jurisdiction acquired in the former suit. Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145; Johnson v. Christian, 125 U. S. 642, 8 Sup. Ct. 1135, 31 L. Ed. 820.

2. Upon the merits the contention of the appellant is that the appellee, by taking an assignment of the legal title to the Gerard and Lawrence patent with notice of the exclusive license to the appellant to sell articles covered by that patent, and of its contract with the pat-

entees, is now estopped from denying to the appellant the right to the full enjoyment of the privileges professed to be granted by its license and contract, notwithstanding the exercise of such privileges would infringe the Morrison patent, of which the appellee was and continues to be the owner, and notwithstanding the latter patent has been adjudged to be superior to the former, and, further, that the appellee is bound to execute the stipulations of Gerard and Lawrence in the contract which accompanied their license to the appellant. Can this contention be maintained? The decree in the former suit conclusively established, as between this appellant and the appellee, that at the time of its rendition the appellant had no right to use the Gerard and Lawrence patent under its license from those patentees in such a way as to infringe the Morrison patent, which belonged to the appellee. It was an adjudication that the Gerard and Lawrence patent conferred no right, as against the Morrison patent, so long as the term of the latter should endure. A subsequent assignment to a third person by Gerard and Lawrence could not have enlarged the right of the appellant. The status of the patent was already fixed, so far as the appellant was concerned, and the assignee would be incapable of improving the licensee's position. It appears there was a contract on the part of Gerard and Lawrence to furnish couplings to their licensee, or that in case of their failure the licensee should have the right to manufacture them. They also undertook to protect their licensee and its customers in the sale and use of the couplings, and to save the licensee harmless from any suit for infringement. It is alleged in the bill that the contract as well as the license was assigned to Case, and that an undivided one-half interest in both was assigned by him to Gerard. But it is not alleged that anything more than the patent itself was assigned to the appellee. The rights of the parties here are therefore not affected by the stipulations of the contract, except as they may affect the title to the patent. No doubt, the general rule is that the assignee takes the title subject to the equities of other parties who have acquired rights therein, of which he had notice, express or implied. But he takes no other burden. He comes under no affirmative obligation to make good the previous contracts of his assignor. The claim of the appellant is that it is let into the enjoyment of the Morrison patent by a transaction which it had no right either to compel or prevent. The appellant has been put in no worse situation by the transfer. What equity has supervened in its favor since the decree in the former suit? The appellee owed it no duty, and has not prejudiced the appellant. Nor has it acquired any right which it has not paid for, or which, owing no duty to the appellant, it had not equal right to purchase with any other person.

3. But there is another reason why this bill cannot be maintained, even if it were possible to hold that the appellee was affected by some positive duty of the licensor toward the licensee. It is not averred in the bill that the Gerard and Lawrence patent is void, or that the court has held it so. For aught that appears, it may be for an improvement upon the Morrison patent, or may be used in connection with other forms so as not to involve that patent. In such circumstances, there would be no breach of the guaranty of validity resulting from the decree complained of in the bill. In Noonan v. Athletic Club Co., 39 C. C. A. 426, 99 Fed. 90, a bill was filed by the assignee of certain pat-

ents, complaining of the infringement thereof by his assignor, who was the patentee. The latter denied infringement. The complainant insisted that the defendant was estopped to deny the validity of the assigned patent, when construed in accordance with the full import of its terms. Upon this subject, Judge Lurton, in delivering the opinion of this court, said:

"It seems to be well settled that the assignor of a patent is estopped from saying his patent is void for want of novelty or utility, or because of anticipation by prior invention. But this estoppel, for manifest reasons, does not prevent him from denying infringement. To determine such an issue, it is admissible to show the state of the art involved, that the court may see what the thing was which was assigned, and then determine the primary or secondary character of the patent assigned, and the extent to which the doctrine of equivalents may be invoked against an infringer. The court will not assume, against an assignor and in favor of his assignee, anything more than that the invention presented a sufficient degree of utility and novelty to justify the issuance of the patent assigned, and will apply to the patent the same rule of construction, with this limitation, which would be applicable between the patentee and a stranger. Babcock v. Clarkson, 11 C. C. A. 351, 63 Fed. 607; Ball & Socket Fastener Co. v. Ball Glove Fastening Co., 7 C. C. A. 499, 58 Fed. 818; Cash Carrier Co. v. Martin, 14 C. C. A. 612, 67 Fed. 786; Chambers v. Crichley, 33 Beav. 374; Construction Co. v. Stromberg (C. C.) 66 Fed. 550; Clark v. Adie, 2 App. Cas. 423, 426."

That decision has been confirmed in subsequent decisions of this court. Smith v. Ridgely, 43 C. C. A. 365, 103 Fed. 875; Stimpson Computing Scale Co. v. W. F. Stimpson Co., 44 C. C. A. 241, 104 Fed. 893. Smith v. Ridgely was a case in which the suit was brought by the licensee of the patent against his licensor for infringement, and the question arose in regard to the extent of the estoppel resting upon the defendant. In regard to this we held (referring to the Noonan Case) that he was "precluded from denying the validity thereof [the patent] to the same extent, and to the same extent only, that a third person would be, subject to the limitation, however, that he could not allege the total invalidity of the patent; the result being that he is still left at liberty to show that, assuming his patent to be valid, it is nevertheless subject to the limitation of the prior art." In respect to the Gerard and Lawrence patent, the Morrison patent was a part of the prior art, and the former was restricted by it. However this might affect the undertaking to save the licensee harmless from infringement suits, it is clear that no ground for an estoppel is shown, arising out of the granting of the license or the authority to manufacture couplings. We think that the appellee acquired by its purchase only the right to manufacture couplings under the Gerard and Lawrence patent during the term thereof; that it had not the right of sale thereof, for the reason that such right had been carved out of it by the license of the patentees to the appellant; and that upon the termination of the Morrison patent the appellant will have the right, unrestricted by that patent, to sell couplings manufactured under the Gerard and Lawrence patent. Probably, it will also have the right to manufacture the couplings for its use after the Morrison patent has expired. And it has at all times the right to practice the Gerard and Lawrence invention, provided it does so in such a way as not to infringe the Morrison patent. The bill does not allege that any of these rights of the appellant are denied.

The decree of the circuit court will be affirmed, with costs.