## TIME TELEGRAPH Co. *v.* HIMMER and others.

*(Circuit Court, S. D. New York.   January 30, 1884.)*

PATENTS—ESTOPPEL.
    The inventor of a certain mechanism assigned the improvement to his employers, by whom it was patented. While in the same employ he ordered a mechanism to be made which he represented as a modification of the patented invention. After leaving the service of his employers he manufactured machinery identical with what he had previously ordered to be made. *Held*, that he, and those in privity with him, were estopped to deny that the mechanism in question was covered by the patent.

In Equity.
*B. S. Clark*, for complainant.
*Roscoe Conkling* and *E. N. Dickerson, Jr.*, of counsel.
*Turner, Lee & McClure*, for Himmer and Carey.
*B. F. Lee*, of counsel.

WALLACE, J.   The peculiar facts of this case authorize the granting of a preliminary injunction as to some of the defendants, although the complainant's patent is of recent date, and has never been adjudicated. The defendant Himmer was the inventor and assignor to the complainant of the improvement in electric clocks, described and claimed in the letters patent of the complainant. While he was in the employ of the complainant as its superintendent he ordered certain clock mechanism to be made, which was identical in parts and arrangements with that now sought to be enjoined, respresenting it to be one of the modifications of the invention secured by the patent. Special tools and dies were obtained to construct this mechanism, and the complainant's officers, assuming that the complainant was protected by the patent, have embodied this mechanism in their clocks, and introduced them to the public. After Himmer left the complainant's employ he induced the manufacturers who were then making this clock mechanism for the complainant, to supply him with the various parts sufficient to make a number of complete

clocks. These have been put together by him, (or his wife, in whose name the clock-making business is carried on,) and through the agency of the defendant Carey, who seems to have been cognizant of all the facts, and to be the principal prompter of the transaction, are now being introduced to the public in competition with the complainant's clocks. Upon these facts Himmer is estopped, for the purposes of a motion like this, from contesting the validity of the patent, or denying that the clock mechanism he employs is covered by the claims of the patent. He cannot be heard to assert either of these defenses after inducing the complainant to acquire the patent and engage in making and selling clocks under it, such as he now undertakes to make and vend. Carey occupies no better position than Himmer does. He is Himmer's *alter ego* in the scheme of pirating the complainant's rights. His general denial of community of interest with Himmer goes for nothing, in view of the facts and circumstances which are set forth in the complainant's affidavits, and which are sufficient to call upon him for a full and explicit disclosure of his relations with Himmer, in order to exonerate himself.

No case is made for an injunction against the defendants other than Himmer and Carey. As to Himmer and Carey, an injunction is granted; as to the other defendants, the motion is denied.