PARKER, Trustee, *v.* McKEE and another.

*(Circuit Court, S. D. New York.    June 17, 1885.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION.
    *Parker* v. *Stow,* 23 Fed. Rep. followed, and preliminary injunction granted.
2. SAME—INFRINGEMENT BY PARTNER.
    Where a member of a firm alleged to be infringing a patent was formerly a part owner of the patent, he will be estopped from denying its validity, unless it is shown that the conveyance of his title to the plaintiff was wholly without consideration.

In Equity.

*W. C. Strawbridge,* for plaintiff.

*Walter D. Edmonds,* for defendants.

WHEELER, J.    This motion for a preliminary injunction cannot be denied without overruling, in effect, *Parker* v. *Stow,* 23 Fed. Rep. 252, and *Parker* v. *Montpelier Carriage Co.* Id. 886, which followed that decision.    There are alleged anticipating devices put into this case which were not in either of those cases, but none of them is any nearer like the patented invention than some that were in those cases and considered, nor any nearer like it than long and well known chaise and carriage tops are.    A point is made that the first reissue narrowed the patent by making the locking device a necessary part of it, and that the second reissue, although it only restored the original, broadened the second reissue to cover this infringement, and that what was surrendered of the original to obtain the first reissue could not lawfully be so reclaimed in the second.    A comparison of the claims of the original with those of the first reissue shows that there was nothing covered by the former which was not included in the latter.    Therefore nothing appears to have been abandoned by surrendering the original and taking that reissue, and it is not necessary to consider in this view what the effect would have been if there had been such an abandonment.

There is a strong reason for maintaining the validity of the patent in this case that did not exist in either of those cases, and that is that one of the defendants, who are a firm doing the business that infringes, was once an owner in the patent, and his title has passed to the plaintiff as a title to a valid patent.    It is admitted that such a conveyance upon a valuable consideration would estop him from denying the validity of the patent, but it is urged that this conveyance was without consideration, and that therefore it does not work any estoppel.    It does not appear, however, so far as has been noticed, that the conveyance of his interest was entirely without consideration, and the presumption would seem to be that it was upon consideration, and that the estoppel should follow.    But the plaintiff appears to be entitled to an injunction independently of this ground.    Motion granted.