### BURDSALL v. CURRAN and others.

*(Circuit Court, N. D. Illinois. July 25, 1887.)*

1. PATENTS FOR INVENTIONS—ASSIGNMENT—REISSUE—ESTOPPEL OF PATENTEE TO CLAIM INVALIDITY.
   Where a patentee has assigned his patent, he is estopped, in an action brought against him for infringement by his assignee, from denying the validity of reissues of his patent, though such reissues were obtained since the assignee acquired an interest in the patent, and the latter might have known that they were void when he accepted them.

2. SAME—PRACTICE ON APPLICATION FOR REHEARING—NEW EVIDENCE.
   Upon an application for rehearing in a suit for infringement of a patent, the invalidity of the patent being reargued in the light of some additional evidence as to the state of the art, but no reason being assigned for failure to produce this evidence at the hearing, *held*, that the evidence would not be considered.

Application for Rehearing. For original decision see 20 Fed. Rep. 839.
*Jesse Cox* and *J. N. Jewett*, for defendant.
*West & Bond*, for complainant.

BLODGETT, J. This is an application for a rehearing. The original decree was entered July 16, 1883, finding that defendants had infringed the first, second, third, fifth, sixth, and seventh claims of reissued patent No. 8,840, and the first, second, fifth, sixth, and seventh claims of reissued patent No. 8,846. The motion for rehearing is based mainly upon the ground that some of the claims in these reissued patents, which

the court found were infringed by defendant, were not found in the original patent; and that, these reissues having been applied for more than two years after the issue of the originals, the new and expanded claims were void under the rule in *Miller* v. *Bridgeport Brass Co.*, 104 U. S. 350, and *James* v. *Campbell*, Id. 356. The original patents were issued to the defendant John J. Curran, as the inventor of the devices shown in them respectively; and the complainant, Burdsall, has, by a series of mesne assignments, become the owner of these two patents for the state of Wisconsin, in which territory the infringements are charged, and found to have been made by defendants. These reissues were applied for July 2, 1879, and both were granted on the twelfth of August of the same year to Curran, and Carlos Wilcox, as assignee of Curran. At the time these reissues were obtained, complainant seems from the proof to have been the owner of a half interest in both original patents for the state of Wisconsin, and he acquired the remaining interest for that state in March, 1881.

No question was made at the former hearing as to the validity of either of the patents, and non-infringement was the only defense argued. Although the defense of want of novelty was set up in the pleadings, no proof was taken, and no stress laid upon it at the hearing. In passing upon the question of the validity of the patents at the former hearing, I stated that the suit, being brought by the assignee of Curran, even if the question of want of novelty or the validity of the patent had been set up, I should consider that Curran was estopped by his position as patentee from raising that question as against his assignee. The point is now made that, the reissues having been obtained since complainant acquired an interest in the patents, the estoppel does not apply as to the new or enlarged claims, because complainant was not compelled to accept the reissue, but could have stood upon the patents as originally issued; and, if he accepted the reissue, he did so with knowledge that the new and expanded claims were void. *Potter* v. *Holland*, 1 Fish. Pat. Cas. 327.

There can be no question, under the authorities, that Curran would be estopped from denying the validity of the original patent. Walk. Pat. § 469; *Oldham* v. *Langmead*, 3 Term R. 439; *Thomas* v. *Quintard*, 5 Duer, 80. And it seems to me that if he would be estopped from denying the patentability of the devices covered by the originals, as against his assignee, he is equally so as to the reissues. He virtually, by his acts, has said to his assignees, as well as to the patent office: "By inadvertence and mistake I did not make my claims in the original patents as broad as my invention. I have therefore surrendered the originals, and taken in their place these reissues which inure to your benefit." If he is estopped to deny the validity of the originals, the same rule should estop him as to the reissues. He cannot be allowed, as it seems to me, to surrender the original patents, and take these reissues, and then say to his assignees: "I have been guilty of falsehood in obtaining both the original and reissue, and hence can deny your title to the property which you have acquired through me, and trespass with impunity upon

property I have sold you for value;" and it also seems that the other defendants are equally estopped with Curran, as they are his partners, and can have no greater rights than he.

Having clothed this complainant with the exclusive rights granted by the reissued patents for the state of Wisconsin, Curran and his partners cannot now defeat those rights by setting up the invalidity of the patents assigned to him.

The application for rehearing also reargues the invalidity of the original patents in the light of some additional proof as to the state of the art; but, as no reason is assigned for the failure to produce this proof at the hearing, I do not think it should now be considered. The question of infringement is also elaborately reargued in the briefs filed on this motion, but I am still of opinion that the infringement is clearly shown by the proof.

The motion for rehearing is therefore overruled, with the reservation that it is possible on the final hearing the court may be of the opinion that Curran's partners and co-defendants are not bound by the estoppel which binds him, and therefore may not be liable in damages for the infringement of the new and expanded claims of the reissue; and this question may be further discussed on the final hearing upon the master's report; and it is possible, also, that the third claim of patent No. 8,846, which is new and is similar in effect, but different in its verbiage from the second claim, which was one of the original claims of the patent, may cut some figure in the final adjustment of the damages; but, as I am at present advised, I do not think it will. The accounting must therefore go on before the master.