### DANIEL v. MILLER et al.

(Circuit Court, E. D. Pennsylvania.  May 12, 1897.)

1. PATENTS—INFRINGEMENT—ACQUIESCENCE.
    Knowledge of a long-continued acquiescence by a complainant in an infringement may, in special cases, be fatal on a motion for a preliminary injunction.
2. SAME—VALIDITY OF—ESTOPPEL.
    The assignor of a patent and those in privity with him are estopped to set up, as against the assignee, the invalidity of a patent.
3. SAME—PACKING FOR PISTON RODS, ETC.
    Letters patent, No. 524,178, for an improvement in packing for piston and other rods, held valid and infringed.

Bill for an injunction against the infringement of a patent and an accounting.   Sur motion for preliminary injunction.

The bill averred that Norman Bruce Miller, one of the defendants, had assigned to the complainant, in February, 1894, his patent, for which application was then pending, for improvements in the packing for piston rods, etc., and

that on August 7, 1894, the patent (No. 524,178) was issued to the complainant, as assignee of the said Norman Bruce Miller, the inventor. It further set out that the other defendants were acting in privity with said Miller in infringement of the patent, and prayed an injunction and an accounting in the usual form. The answers virtually admitted the infringement, but contended that the patent was invalid, and that, therefore, recovery could not be had.

Preston K. Erdman and Chas. Howson, for complainant.

Charles L. Smyth, for defendants.

DALLAS, Circuit Judge. This case has been heard upon the plaintiff's motion for a preliminary injunction, and I am persuaded that, under the circumstances disclosed by the proofs as now presented, the defendants should be restrained from continuance of the infringement complained of, which is virtually admitted, until final hearing. The several matters urged in resistance of this motion are separately stated and discussed in the defendants' brief, and they may be briefly disposed of.

1. "Knowledge of and long-continued acquiescence by a complainant in an infringement may, in special cases, be fatal on a motion for a preliminary injunction." Taylor v. Spindle Co., 22 C. C. A. 205, 75 Fed. 303. But the evidence now before the court, instead of establishing acquiescence, seems to disprove it. See, also, the case above cited, in 69 Fed. 837.

2. The plaintiff does not allege either prior adjudication or public acquiescence in support of the validity of his patent. He stands upon the presumption of its validity, and upon the fact that he acquired it by assignment from one of the defendants, who, therefore, is precluded from asserting that it is void. The fact that he so acquired it is plainly shown, and is not controverted; and that the estoppel relied upon as against the assignor exists has not been seriously questioned. As to him, at least, there can be no doubt about it.

3. There is more room for dispute as to whether the other defendants are also estopped; but I am clearly of opinion, upon the proofs of privity and of co-operative infringement which have been adduced, that they are.

4. In view of what has already been said, the attack made upon the validity of the patent need not be considered; but I may say that, as the case now appears, it is not very forcible, and does not commend itself to favorable consideration.

The motion for a preliminary injunction is granted.