FRANK et al. v. BERNARD.

(Circuit Court, S. D. New York. July 12, 1904.)

1. PATENTS—INFRINGEMENT BY ASSIGNOR—ESTOPPEL TO DENY VALIDITY.

The assignor of a patent is estopped to set up its invalidity as a defense to a suit for infringement brought against him by the assignee, or to introduce evidence tending to disprove the novelty or utility of the patented device, where he uses the identical structure described, so that no question of construction of the patent is involved.

In Equity. Suit for infringement of patent. On final hearing.

Andrew Foulds, Jr., for complainant.
Charles S. Champion, for defendant.

¶ 1. See Patents, vol. 38, Cent. Dig. § 183.

HAZEL, District Judge. This suit is brought to restrain infringement of United States letters patent No. 571,121, issued November 10, 1896, to the defendant and Leo Frank, one of the complainants, as assignees of Hubel and Manger, the inventors. The patent is for improvements in match safes. The defendant and complainants were partners in business, trading under the name of Bernard, Frank & Co. Differences arising, the partnership was dissolved on January 12, 1898, by mutual consent; the defendant withdrawing from the firm, and the complainants continuing the business. At the time of the dissolution the defendant, in writing, assigned to complainants, inter alia, the patent in suit. The withdrawing partner was paid $6,000 in cash and $250 in merchandise, in consideration of the transfer to the remaining partners of all his right, title, and interest in and to the assets of the firm, including the good will of the business. At the same time defendant executed and delivered to the complainants another document, namely, an assignment of various letters patent, of which the partnership was owner, including, in express language, the invention in suit, and any improvement made thereunder by the defendant. The answer denies infringement, and alleges anticipation of claim 2 of the patent, prior knowledge, and public use. The record contains much evidence on the part of the defendant which, in view of the issues presented, is thought irrelevant and incompetent. The issue, under the pleadings and evidence, must be restricted to the questions of infringement, and the validity of the consideration upon which the transfer of the patent is based. The general principle is well established that defenses interposed by the assignor of a patent in a suit instituted by the assignee for infringement of such patent are restricted to rather narrow bounds. The assignor is estopped, as against the transferee, to challenge the validity of the patent for want of novelty and patentability. The defense of invalidity, while open to others, is closed to him. Alvin Mfg. Co. v. Scharling (C. C.) 100 Fed. 87. There are cases holding that, though invalidity of the patent is conceded in view of the state of the prior art, the assignor, on principle, is concluded from interposing the defense of invalidity of the patent, and denying his own title to the interest assigned. Woodward v. Boston Lasting Mach. Co., 60 Fed. 283, 8 C. C. A. 622; Walker on Patents, § 469; Chambers v. Chrichley, 33 Beav. 374; Parker, Trustee, v. McKee (C. C.) 24 Fed. 808; Griffith v. Shaw (C. C.) 89 Fed. 313; Marvel Co. v. Pearl (C. C.) 114 Fed. 946. The rule was stated by Judge Lacombe in Adee et al. v. Thomas (C. C.) 41 Fed. 345, as follows:

"It is well-settled law that a patentee cannot be heard to deny the validity of his own patent against the assignee to whom he has sold and transferred it. As to the rest of the world, the patent may be void, but the assignor is estopped from urging that defense against his assignee."

In Babcock v. Clarkson, 63 Fed. 607, 11 C. C. A. 351, it was held that an assignor of a patent for a valuable consideration is estopped from asserting anticipation by prior publications, or avoiding the patent for want of novelty and utility. True, that case is authority for the proposition that the state of the art, and anticipatory matter as a part thereof, may have a bearing on the construction of the patent; but in a case like the present, where the assignor employs the identical construc-

tion described in the patent transferred, and where the rights of the assignee are clearly based upon the purchase, and do not rest solely upon the estoppel, the principle quoted is not pertinent. Faulks v. Kamp (C. C.) 3 Fed. 898. The manifest object of producing evidence to show that Walton's device for rings set in grooves in the base of spittoons, as in the match safe described in the patent in suit, was to disprove the novelty of complainants' structure. The evidence does not show that a construction of the involved claim by comparison with the prior art is sought in good faith for the purpose of establishing a differentiation between the structure of the patent transferred and that actually used by the defendant. The controversy simply affects the transferror and transferee of the patent. Their rights alone are involved, and not the rights of the public. Assuming the invalidity of the patent in suit, it nevertheless was lawful for the parties to enter into an agreement by which the interest of the defendant therein was conveyed. The law does not expressly prohibit the transfer of invalid patents. The complainants have accepted the conveyance, have availed themselves of the benefits of the invention, and undoubtedly are prevented from denying the validity of the patent. On the other hand, assuming a valid consideration to have been paid, the assignor has not offered to restore the same, and hence, by parity of reasoning, is precluded from asserting the invalidity of the patent on the ground of want of novelty or practical utility in the invention. The case of Babcock v. Clarkson, supra, upon which the defendant lays stress, does not conflict with these views. The head note in Alvin Mfg. Co. v. Scharling, supra, states:

"An inventor who has assigned the patent for his invention cannot be permitted, in a suit against him for its infringement, to introduce evidence for the ostensible purpose of so narrowing the scope of the patent as to avoid infringement, but which in fact tends to show that it is invalid for want of novelty."

The language used would seem to apply to this case.

It is objected by the defendant that the complainants prior to the assignment were aware of the invalidity of claim 2 of the patent, and therefore they are concluded from denying the asserted failure of consideration of the assignment in question. The evidence is not convincing that the invalidity of the Huber and Manger patent was known to complainants. There is evidence tending to show that the complainant Frank knew that a similar groove in the base of a different structure was in prior public use, and on sale by one Walton. Such use, however, of nonscratching material in a groove formed in the base of a spittoon prior to such application in a match safe, standing alone, is not persuasive of the existence of such knowledge on complainants' part as debars them from maintaining this action against the defendant. The patent has never been adjudicated invalid, nor an infringement of any other structure. The grant of the patent carries with it a presumption of validity. Prima facie, therefore, the patent in suit was both novel and useful, irrespective of the prior issuance to another of a patent which apparently accomplished the same result. True, the state of the art is ordinarily presumed to be known to the patentee, yet the question of whether he was the first and original discoverer can be determined only on comparison of the invention with the prior art. Saunders v. Allen, 60 Fed. 610, 9 C. C. A. 157, 20 U. S. App. 446. Evidence

is presented from which it may be fairly inferred that, according to the terms of the assignment, the defendant intended to convey not only his title in the patent, but also his interest in a valid patent. Moreover, assuming the correctness of defendant's testimony that during the partnership he frequently remarked in the hearing of Frank that the match safe in suit was worthless and anticipated, in view of the state of the art, it does not now lie with him, the infringer and assignor, to proclaim its invalidity, so that he may reap further pecuniary benefit. Declarations of noninvention are not available to him in order that he may escape the liability for his infringement. The rights of the complainants are not based upon the estoppel, merely, but, as stated by Judge Wheeler, in the Faulks Case, "they rest upon the purchase, which must operate so that the orators may have what they bought, and so that the defendants shall not both sell and keep the same thing."

The defendant is confessedly an infringer of the patent of which he formerly was part owner. He contends that no valuable consideration passed for making the conveyance, and therefore that he is relieved from the operation of the rule of estoppel. The basis of such claim is not clear. Defendant's interest in the business when the partners dissolved their relations, according to the inventory, was $5,452.94. He was paid $6,250. A fair assumption is that the difference in the amount of these figures represented the consideration for the transfer to complainants of his interest in the patent. The evidence does not justify the conclusion that there was a counter estoppel in pais against the complainants because of their conduct towards the defendant. The record contains much evidence concerning the internal partnership dissensions which led to the dissolution of the firm. As already stated, it is immaterial and irrelevant, and therefore has not been considered. The pertinent evidence found in the record establishes that the defendant manufactures and sells the precise construction described in claim 2 of the patent. Such claim reads as follows:

"(2) As a new article of manufacture, a match safe, or similar article, having a groove formed in its base, in which is inserted nonscratching material, with its lower edge projecting below the lower surface of the base, said material being secured in place by forcing one side of the groove toward the opposite side to pinch the material, substantially as specified."

The court is of opinion that, under the circumstances presented, the written assignment of the patent in question must determine the legal relations of the parties. No substantial cause appears for allowing the defendant to contest the validity of the patent for want of novelty and utility.

The complainants are entitled to a judgment, with costs, decreeing the issuance of an injunction and an accounting. So ordered.