FOLTZ SMOKELESS FURNACE CO. et al. v. EUREKA SMOKE-
LESS FURNACE CO.

(Circuit Court of Appeals, Seventh Circuit. January 21, 1919. Rehear-
ing Denied March 4, 1919.)

No. 2637.

1. PATENTS ⬤⇒202(2)—ASSIGNMENT OF APPLICATION—ESTOPPEL.

The assignor of an application for a patent is estopped, as against
the assignee, from questioning the validity of a patent, application
for which subsequently eventuates in a patent, as to claims within
the scope of the original disclosure, though not made in the applica-
tion as filed.

2. PATENTS ⬤⇒202(1)—ASSIGNMENT.

Where one, who was no novice in the patent business, assigned an ap-
plication for a patent, no fine line will be drawn in his favor, as
against the assignee, between claims as allowed and those originally made
upon the description and drawings.

Appeal from the District Court of the United States for the Eastern
Division of the Northern District of Illinois.

Bill by the Eureka Smokeless Furnace Company against the Foltz
Smokeless Furnace Company and Ira W. Foltz. From a decree for
plaintiff, defendants appeal. Affirmed.

William R. Rummler, of Chicago, Ill., for appellants.
Max W. Zabel, of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge. Appellant Foltz made application
in March, 1915, for a patent on certain new and useful improvements
in furnaces of which he claimed to be the inventor. February 16,
1916, he sold and assigned in writing to appellee corporation (of which
he was then a stockholder) his "entire interest for the United States
in and to improvements described in my applications for United States
patents as follows," enumerating this application, among others. Some
time prior to the assignment the Patent Office rejected, on the prior
art, all of the claims made. After the assignment, but without further
affidavit by Foltz or knowledge on his part, the assignee caused new
claims to be filed, which eventuated in the issue July 31, 1917, of pat-
ent No. 1,235,516, with 10 claims as therein set forth. The draw-
ings of the original application remained unchanged, and the descrip-
tion as first made was unaltered, save in minor details which are here
unimportant.

September, 1917, Foltz organized appellant corporation, of which
he was president, treasurer, general manager, and controlling stock-
holder, and they began the manufacture of furnaces which infringed
claims 7, 8, 9, and 10 of the patent. Appellee filed its bill against ap-
pellants for injunction and accounting. On the hearing appellants of-
fered testimony to show that Foltz was not the inventor of the thing
described in claims 7, 8, 9, and 10 of the patent, and offered in evi-
dence copies of prior art patents, on the theory that they tended to

establish the invalidity of those claims. On appellee's objection all such evidence was ruled out, on the ground that appellant, as assignor of the application for the patent, was estopped as against his assignee from questioning its validity. Such ruling of the District Court constitutes ground of the appeal from the decree granting the relief prayed.

[1] The general rule of estoppel upon the assignor of a patent to deny its validity as against his assignee is too well established to require more than its statement. We see no reason for relaxation of the rule where the subject-matter of the assignment is a duly filed application, which eventuates in a patent. The rejection by the Patent Office of all the claims occurred in April, 1915, and up to the time of the assignment, nearly a year later, the file wrapper does not show any further proceedings. The application is of value only as it may form the basis for a patent grant thereon. Surely it was contemplated that something was here assigned, and plainly it must have been the right to present further claims under the application; for without claims there would be no patent. The salutary rule of estoppel by deed would be much impaired, if, as applied to assignments of applications for patents, it were held to be inoperative as against claims within the scope of the original disclosure, though not made in the application as filed. The District Judge clearly set forth the rule here applying when he said:

"Foltz assigned to the plaintiff everything which he invented that could be based upon the drawings, specifications, and claims set out in his application."

[2] We find no merit in the contention for appellants that the claims in question are not predicated upon disclosures of the application. The Patent Office manifestly found that they were so grounded, in allowing them without requiring further affidavit of the inventor; and our examination of the original application, and of the claims in question, convinces us that the District Court was right in its conclusion that they are fully disclosed by the specifications and drawings as filed. The assignment by Foltz included five other pending patent applications, and evidently he was no novice in the patent business. He must have contemplated and understood the very usual experience in the Patent Office that claims as originally made might be rejected or changed, and supplemented or abridged, before the final issue of patent. No fine line will be drawn in his favor, as against his assignee, between the claims as allowed upon the assigned application and those originally made upon the same description and drawings.

The decree of the District Court is right, and it is affirmed.