EUREKA SMOKELESS FURNACE CO. v. CONSUMERS' CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1920.)

No. 2727.

PATENTS ☞328—FOR SMOKELESS FURNACE HELD ANTICIPATED.

The Foltz patent, No. 1,235,516, for a furnace, *held* void for anticipation.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Eureka Smokeless Furnace Company against the Consumers' Company. Decree for defendant, and complainant appeals. Affirmed.

Max W. Zabel, of Chicago, Ill., for appellant.
Percival H. Truman, of Chicago, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Appeal from a decree of Distrcit Court of the United States for the Eastern Division of the Northern District of Illinois, dismissing the bill filed against the appellee for infringement of claims 7, 8, 9, and 10 of United States letters patent No. 1,235,516; the court below holding the patent in suit to be anticipated by three prior patents. This patent was before this court in Foltz Smokeless

Furnace Co. et al. v. Eureka Smokeless Furnace Co., 256 Fed. 847, —— C. C. A. ——.

In its brief, plaintiff appellant says the only issue in this present case is the validity of the letters patent sued on in view of the three following prior patents, viz: United States patent to Jackson, No. 789,611; British patent to Johnson, No. 2,153 of 1887; and the German patent to Wilmsmann, No. 25,265 of 1884. Claims 7, 8, 9, and 10 are so similar that they may be shown as follows:

A furnace structure having a fire box, combustion chamber, and ash pit, * (*and*) a baffle wall interposed between said combustion chamber and fire box and extending downwardly into normal contact with the fuel, said baffle wall having channels leading from the fire box to the combustion chamber, ***said channels extending in a downward direction from said fire box to said combustion chamber*, and said baffle wall except for the channels above mentioned closing the space between the fire box and combustion chamber from the fuel upwardly to the roof of the furnace, ****and means for supplying fresh air to the fire box.*

In reading 7, omit ** and ***.
In reading 8, omit ***.
In reading 9, omit * and **.
In reading 10, omit *.

The stated objects of the invention possibly covered by the involved claims are:

"To provide improved means for collecting and conducting the gases of the coal to a place of combustion, to which is also supplied the required amount of air to insure thorough combustion of said gases. * * * Improved means for increasing the efficiency of furnaces and preventing smoke by causing a more complete consumption of the combustible ingredients of coal."

Of the elements of the combination claimed, patentee admits lack of novelty in the fire box, ash pit, combustion chamber, grates, means of supplying air, and baffle wall—

"serving to direct the normal draft longitudinally along the grate and also to cause gases which have accumulated in front of the baffle wall to pass downwardly at a place of intense combustion at the rear of the grate."

This leaves only two possibly new elements in the combination, and no new or useful purpose at all, unless one is produced by one or both of said new elements.

(1) Patentee specifies channels in and through the baffle wall. Under claims 7 and 9 these channels are merely holes through the wall, and under claims 8 and 10 they open from the fire box side into the center of the wall, thence downwardly, and open near the bottom into the combustion chamber.

(2) He specifies that the baffle wall "shall extend downwardly into normal contact with the fuel."

Openings through the baffle wall are found in the Buckland patent, No. 252,862, dated 1882; Hunt patent, No. 39,402, dated 1863; Jackson patent, No. 789,611, dated 1905; Johnson patent, British, No. 2,-153, dated 1887; Wilmsmann patent, German, No. 25,265, dated 1884. The last two take the form substantially as claimed by Foltz in claims 8 and 10.

There is a clear anticipation of all the forms of channels claimed by Foltz. Assuming that what is meant by a baffle wall "extending downwardly into normal contact with the fuel" is that in operation the coal and baffle wall touch, then that element lacks novelty, because it is clearly anticipated by the Jackson, Johnson, and Wilmsmann patents.

On the question as to whether the Foltz combination performs any new function or performs an old one more efficiently, there is little chance for speculation because Foltz, in his specifications, said:

"Furnaces of the general type shown in the drawings have been furnished with baffle walls above the rear end of the grate, these walls serving to direct the normal draft longitudinally along the grate and also to cause gases which have accumulated in front of said baffle wall to pass downwardly at a place of intense combustion toward the rear of the grate."

If the channels in the Foltz patent do any more than "to cause gases which have accumulated in front of said baffle wall to pass downwardly at a place of intense combustion towards the rear of the grate," there is nothing in the record to show it, and, if there was, it is clearly anticipated by the said patents.

The decree of the District Court is affirmed.