**NATIONAL CASH REGISTER CO. v. REMINGTON ARMS CO., Inc., et al.**

(District Court, D. Delaware. July 29, 1922.)

No. 443.

1. **Patents ⬅=295, 296—Preliminary injunction not ordinarily granted, unless validity of patent adjudicated or acquiesced in.**

   Ordinarily, if the validity of a patent has been neither adjudicated nor acquiesced in by the public, a preliminary injunction will not be granted.

2. **Patents ⬅=129—Assignor estopped as against assignee to deny validity.**

   The assignor of a patent is estopped, when sued by his assignee for infringement, to deny the validity of the patent.

3. **Patents ⬅=129—Assignor of application estopped to deny validity of claim subsequently granted, if supported by specification.**

   The assignor of an application for a patent is estopped to deny the validity of a claim subsequently granted, if supported by the specification

---

⬅=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as it stood at the time of the assignment, whether the claim had then been made or not.

4. **Courts** ☞96(1)—**Decision of District Court, apparently in conflict with decision of Circuit Court of Appeals for the same circuit, not followed, unless convincing.**

A decision of a District Court in another circuit, in apparent conflict with the law as laid down by the Circuit Court of Appeals for that circuit, will not be followed, unless it be found convincing.

5. **Estoppel** ☞98(1)—**Affects only parties and privies.**

Estoppels affect only parties and privies.

6. **Patents** ☞129—**Employer of assignor not estopped to deny validity of assigned patent, unless in privity with assignor, and employment or joint wrongdoing does not constitute privity.**

Where corporation, employing inventor after he had assigned patent, was in no sense his alter ego or under his control, it was not estopped to deny the validity of the assigned patent, when sued for infringement, unless in privity with the inventor, and privity did not exist because it was his employer, or was a joint tort-feasor with him in connection with the infringement.

7. **Patents** ☞312(1)—**Burden on plaintiff, suing for infringement to show alleged infringer in privity with assignor so as to be estopped.**

The burden is on one suing for infringement of an assigned patent to show such privity between defendant and the assignor as estops defendant to deny the validity of the patent.

8. **Patents** ☞129—**Employer not in privity with employee, so as to be estopped to deny validity, merely because he designed and aided in manufacture of infringing machine.**

A corporation, employing the assignor of a patent, was not in privity with him, so as to be estopped to deny the validity of the patent, because while in its employ he designed and aided in the manufacture of the alleged infringing machine, where he had no title thereto or interest therein, save as employee.

9. **Patents** ☞290—**Assignor is indispensable party, when estoppel relied on in suit for infringement of assigned patent.**

Where one, suing for infringement of an assigned patent, relies on the assignment as estopping defendant to deny validity of the patent, the assignor is an indispensable party.

10. **Patents** ☞129—**Estoppel to deny validity should not be extended to persons to whom not clearly applicable.**

As the doctrine of estoppel as respects the validity of a patent may exclude the truth it should not be extended to persons to whom it is not clearly applicable.

In Equity. Suit by the National Cash Register Company against the Remington Arms Company, Incorporated, and another. On motion for preliminary injunction. Motion denied.

Melville Church, of Washington, D. C., and William G. Mahaffy, of Wilmington, Del., for plaintiff.

Drury W. Cooper and George Ramsey, both of New York City, and William S. Hilles, of Wilmington, Del., for defendant Remington Arms Co.

MORRIS, District Judge. This is a bill in equity filed by the National Cash Register Company against Remington Arms Company, Incorporated, and Frederick L. Fuller, to restrain the infringement by the defendants of three letters patent, owned by the plaintiff, relating to cash registers. The case is now before the court on a motion for a pre-

liminary injunction, wherein is involved only the unadjudicated patent to Fuller, No. 1,394,256, the application for which was assigned by Fuller to the plaintiff.

[1] Ordinarily, if the validity of a patent has been neither adjudicated nor acquiesced in by the public, a preliminary injunction will not be granted. Several courts have held, however, that the special presumption of validity lying at the foundation of a plaintiff's right to a preliminary injunction arises, if the defendant is estopped from denying the validity of the patent. Time Telegraph Co. v. Himmer (C. C.) 19 Fed. 322; Daniel v. Miller (C. C.) 81 Fed. 1000; Continental Wire Fence Co. v. Pendergast (C. C.) 126 Fed. 381; Mellor v. Carroll (C. C.) 141 Fed. 992; Northern Insulating Co. v. Union Fibre Co. (D. C.) 199 Fed. 793. The plaintiff here relies upon estoppel.

[2, 3] The assignor of a patent is estopped, when sued, by his assignee for infringement, to deny the validity of the patent he has sold. Standard Water Systems Co. v. Griscom-Russell Co., 278 Fed. 703 (C. C. A. 3); Walker on Patents, § 469. The assignor of an application for a patent is estopped to deny the validity of a claim of the patent subsequently granted thereon, if such claim is supported by the specification as it stood at the time of the assignment. This is true, without regard to whether or not the claim had or had not been then made. Dynamic Balancing Mach. Co. v. Akimoff (D. C.) 279 Fed. 285; Foltz Smokeless F. Co. v. Eureka Smokeless F. Co., 256 Fed. 847 (C. C. A. 7), 168 C. C. A. 193. Fuller, the assignor to the plaintiff of the application for the patent here involved, though made a party defendant, was not served with process, and has not voluntarily appeared.

The plaintiff contends, however, that under the facts of this case "the estoppel which applies to Fuller extends also to the defendant company." Those facts are in substance that Fuller, an inventor of broad experience, entered the employ of the plaintiff in the year 1909 under a contract providing for his employment for one year and for the assignment to the plaintiff of any cash register inventions he might make during the term of his employment. It further provides that if, "at the end of this contract," Fuller should leave the plaintiff, it being still willing to employ him at a salary equal to that he is then receiving, he will not, for a period of one year immediately following the cessation of his employment with plaintiff, enter the services of any other cash register company as an inventor, or be in any way directly or indirectly associated with any such company during such period of one year. By that contract Fuller also agreed to assign and transfer to the plaintiff any invention in cash registers, recorders, or similar mechanisms which he might make during such period of one year following such termination of employment.

A second contract was made between Fuller and the plaintiff in 1910, in which he agreed to assign to the plaintiff any further inventions in cash registers he might make while in the employment of the plaintiff, or "which depend for utility upon any such aforesaid inventions devised by me during such employment, whether such improvements be made during such employment or subsequent thereto." Fuller, feeling insecure in his position because of the custom of the plaintiff company summarily to discharge its employees, made repeated efforts to secure

a time contract, but failed. He continued in the employ of the plaintiff, however, until September 15, 1917, when he resigned. The plaintiff accepted his resignation as of August 31st. He entered the employ of the Remington Arms Union Metallic Cartridge Company, defendant's predecessor, on October 1, 1917, and now remains in the employ of the defendant as the "head of a department."

Fuller invented and designed the machine of the patent in suit. He began work upon it in 1912. A full-sized machine was built and completed about June, 1916. At the request of plaintiff the application for the patent in suit, together with an assignment thereof to plaintiff, were executed by Fuller on April 20, 1918. The patent was granted October 18, 1921. The assignment applied, not only to the invention of the application, but also to "any improvement thereon now or hereafter made by me depending for utility upon said invention."

The defendant company is not the creature, agent, or alter ego of Fuller. It is a corporation of great magnitude. During the late war it was engaged in manufacturing munitions. It built up a large organization. Prior to the armistice it began to consider the uses to which its organization could be put after the end of the war. It investigated the cash register field. After much contemplation it was decided to lay the foundations for that business. It now employs about 800 men in that department. Fuller invented and designed the alleged infringing machine and actively participated in its manufacture by the defendant company. At the time Fuller was employed by the defendant company it probably knew of the contractual relations then or theretofore existing between Fuller and the plaintiff company.

The plaintiff urges that defendant's alleged infringing machine is the joint product of Fuller and the defendant company; that they are joint tort-feasors; that it is a rule of law that one who co-operates with an estopped assignor is estopped equally with the assignor, and that the defendant company is consequently estopped to deny the validity of plaintiff's patent No. 1,394,256 here in issue. In support of this contention plaintiff cites Woodward v. Boston Lasting-Mach. Co., 60 Fed. 283, 8 C. C. A. 622; Continental Wire Fence Co. v. Pendergast (C. C.) 126 Fed. 381; Daniel v. Miller (C. C.) 81 Fed. 1000; Mellor v. Carroll (C. C.) 141 Fed. 992; Northern Insulating Co. v. Union Fibre Co. (D. C.) 199 Fed. 793; and Mergenthaler Linotype Co. v. International T. Mach. Co. (D. C.) 229 Fed. 168, 172. In Woodward v. Boston Lasting-Mach. Co., 60 Fed. 283, 8 C. C. A. 622, the Court of Appeals for the First Circuit said:

"The two parties, besides Woodward [who was the patentee and assignor], named as defendants, are James and Thomas Barrett. It appears by a stipulation in the record that the two alleged infringing machines were designed by Woodward, and constructed according to his designs, and that they were made, used experimentally, and offered for sale by the defendants Barrett. In the absence of any further evidence, we think this creates such a presumption of privity between the parties that all are estopped from disputing the validity of the patent. Telegraph Co. v. Carey, 22 Blatchf. 34, 19 Fed. 322."

In the case relied upon (Time Telegraph Co. v. Himmer et al. [C. C.] 19 Fed. 322), the corporation was not a mere joint tort-feasor, or mere employer of the patentee assignor, but was his alter ego. More-

over, the Court of Appeals for the First Circuit, in a later decision in the same case (Boston Lasting-Mach. Co. v. Woodward, 82 Fed. 97, 27 C. C. A. 69), referring to its prior decision, said:

"We are again pressed with the proposition that the respondents below are estopped from denying the validity of the claims of the patent now in issue. The situation in this respect is, however, essentially different from that existing when the patent was previously under consideration. Then the respondents were nominally the same as now, namely, Woodward, who was the patentee and the assignor of the patent, and James Barrett and Thomas Barrett, and in both cases all these respondents were and are, in a general sense, co-operating. The essential difference, however, is that in the prior suit, Woodward, who was the only person directly subject to the rule of estoppel, was the principal, and the other respondents, so far as the evidence showed, were acting at his suggestion, and in subordination to him. Now, so far as the evidence shows, the other respondents are the principals, and Woodward is their employee, and no estoppel applies to them, by reason of their engaging Woodward in a subordinate position. Even though all might be properly regarded as joint tort-feasors, if any wrong has been committed, yet they have no joint interest in the sense of the law, and Woodward, being a mere subordinate, cannot be enjoined, under the circumstances of this case, unless his principals are also subject to injunction. Belknap v. Schild, 161 U. S. 10, 25, 16 Sup. Ct. 443. Under the rules laid down in that case, he cannot be holden to account for profits; so there is no ground of equitable jurisdiction against him severed from the persons who employed him. While a person occupying a subordinate position may be in privity with his principal, in the sense in which that word may properly be used in this connection, the reverse is not ordinarily true. Therefore, in the present suit, the question of the validity of the claims in issue is open for determination."

In Continental Wire Fence Co. v. Pendergast, supra, it was said:

"The affidavits of these parties themselves are to the effect that Sutherland and Zickrick alone constitute the partnership, and that Pendergast is simply an employé at day wages. If that is true, the estoppel would not apply to the employers, who were not parties to the sale of the patent; and as Pendergast is only, under that theory, acting as an employé, not doing the business on his own account, the bill would have to be dismissed as to him upon final hearing."

True, on the following page, the court, after finding the evidence "not inconsistent with the fact that Mr. Pendergast may be a silent partner in the concern, and have an actual interest in it," said:

"* * * Whether he has an interest or not, he has been actively engaged in the construction and operation of these new machines and in the business of producing wire fence from them, and all the defendants have been co-operating together in this. It seems to me that this makes out a case where an injunction under the rule referred to should be allowed. This seems to be fair, reasonable, and equitable."

Apparently the underlying reason for the decision was that the defendants were joint tort-feasors. It has been expressly ruled, however, by the Supreme Court that there is no privity between joint wrongdoers. Bigelow v. Old Dominion Copper Co., 225 U. S. 111, 131, 32 Sup. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913C, 875. In the third case cited and relied upon by the complainant (Daniel v. Miller [C. C.] 81 Fed. 1000) Judge Dallas says with respect to the matter only this:

"There is more room for dispute as to whether the other defendants are also estopped; but I am clearly of opinion, upon the proofs of privity and of co-operative infringement which have been adduced, that they are."

What the "proofs of privity," were is not disclosed. Consequently the case is not helpful here. Judge Lowell, in Mellor v. Carroll, cites and relies upon Woodward v. Boston Lasting-Mach. Co., 60 Fed. 283, 8 C. C. A. 622, but makes no reference to the subsequent decision of the same court in 82 Fed. 97, 27 C. C. A. 69. Judge Lowell said:

> "Mere co-operation in the alleged infringement with the estopped assignor may not, as suggested in Continental Co. v. Pendergast (C. C.) 126 Fed. 381, 384, be enough to create the estoppel. If the estopped assignor enters into business with others, who derive from him their knowledge of the patented process or machine, and, availing themselves of his knowledge and assistance, enter with him upon a manufacture infringing the patent which he has assigned, they are bound by his estoppel."

[4] If the relation between the estopped assignor and his associates was not that of employer and employee, the case is not in point here. If the relation was that of employer and employee, and the estopped assignor was the employee, the case is in apparent conflict with the law as laid down by the Court of Appeals for that circuit in 82 Fed. 97, 27 C. C. A. 69, and should not be followed, unless it be found convincing. Northern Insulating Co. v. Union Fibre Co. holds, but without citation of authorities or discussion of principles, that if, when an estopped assignor enters the employment of a corporation, it had not manufactured or sold an article like that described in the assigned patent, the estoppel by which the assignor is bound extends to his employer. In Mergenthaler Linotype Co. v. International T. Mach. Co. (D. C.) 229 Fed. 168, Judge Hough stated the ground of the decision of Boston Lasting-Mach. Co. v. Woodward, 82 Fed. 97, 27 C. C. A. 69, in the words of Putnam, J., thus:

> "While a person occupying a subordinate position may be in privity with his principal, in the sense in which that word may properly be used in this connection, the reverse is not ordinarily true."

He declined to follow the principle of that case, saying:

> "This means that, because Homans is an employee or subordinate, the defendant cannot be said to be in privity with him; and as Homans himself could not be enjoined in this suit, it is impossible to work out an equitable estoppel as against the corporation employing him, which is not technically in privity with him. As a piece of technique this statement is doubtless correct, but I cannot admit that equitable estoppel is to be limited to such narrow grounds. The first question in each litigation is to decide the nature of the employment by an alleged infringer of the assignor patentee. If he is a mere subordinate, if he acts only under instructions, if he is not the brains of the infringing combination, it is obviously improper to promote him out of his place, and treat the employer as the equal of the employee. But where a man who has assigned his patent is employed by an alleged infringer for the very purpose of avoiding (if possible) his own patent, and when the designing of such evasion is definitely committed to said patentee, it appears to me that such unusual relation between the employer and employee calls for an application of the equitable rule of which as yet no instance is found in the books."

Of the cases relied upon by the plaintiff, obviously only Mellor v. Carroll and Mergenthaler Linotype Co. v. International T. Mach. Co. need further consideration. This will be deferred until the cases cited by the defendant are examined.

The defendant corporation relies upon the Woodward Case, 82 Fed. 97, 27 C. C. A. 69, heretofore considered; upon Corbin Cabinet Lock Co. v. Yale & Towne Manufg. Co. (C. C.) 58 Fed. 563, in which it was held that the mere fact that the estopped assignor patentee subsequently becomes an officer of a corporation alleged to be an infringer "does not render applicable to such corporation the estoppel which operates against him personally"; upon American Coat Pad Co. v. Phœnix Pad Co. (C. C. A. 4) 113 Fed. 629, 51 C. C. A. 339, holding that a corporation is not estopped because one of its stockholders is; and upon Rollman Mfg. Co. v. Universal Hardware Works (D. C.) 207 Fed. 97, in which Judge Thompson said:

"If Rollman, the patentee, were only a stockholder or officer of the company, with no part in its active management, the company would not, in the absence of other facts to show control, be bound by his estoppel."

Babcock & Wilcox Co. v. Toledo Boiler Works Co. (C. C. A. 6), 170 Fed. 81, 95 C. C. A. 363, is also cited and relied upon by the defendant corporation. There Judge Lurton considered many cases dealing with the estoppel of an assignor of a patent and those associated with him, and said:

"The ground upon which the assignor of a patent is estopped, when sued for infringement, to deny the validity of the patent he has sold, is that, having received a valuable consideration, he may not derogate from his grant by denying that it had any value. * * * Such an estoppel extends only to the assignor patentee and those in privity of title or interest with him. It does not, therefore, extend to a patentee whose patent was sold by his assignee in bankruptcy. * * * A corporation is a legal entity. It may be estopped only by some corporate act or relation of privity of estate or interest under or with one who is estopped. Neither reason nor authority exist for holding that an infringing corporation is estopped from denying the validity of the patent sued upon merely because the assignor patentee is a subordinate in its employment."

[5-8] The foregoing and other cases and authorities make it clear that estoppels affect only parties and privies, Bouv. Dict. "Estoppel"; 10 R. C. L. 837; that there is no privity between joint wrongdoers, Bigelow v. Old Dominion Copper Co., 225 U. S. 111, 131, 32 Sup. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875; Boston Lasting-Mach. Co. v. Woodward, 82 Fed. 97, 27 C. C. A. 69; and that the relation of employer and employee does not make the employer privy to the employee, Boston Lasting-Mach. Co. v. Woodward, 82 Fed. 97, 27 C. C. A. 69; Continental Wire Fence Co. v. Pendergast, supra; Babcock & Wilcox Co. v. Toledo Boiler Works Co., supra. The defendant corporation was not a party to the assignment, nor is it in any sense an alter ego of Fuller, or under his control. Hence, if it is estopped, as he is estopped, to deny the validity of the patent assigned by Fuller, it must be because it is in privity with him, and privity with him does not exist because it is Fuller's employer, or because it may be a joint tort-feasor with him.

Wherein, then, does privity lie? The burden of showing wherein it lies rests upon the plaintiff. Stacy v. Thrasher, 6 How. (U. S.) 44, 60, 12 L. Ed. 337; Johnson v. Powers, 139 U. S. 156, 160, 11 Sup. Ct. 525, 35 L. Ed. 112. If the defendant corporation is privy to Fuller, it must arise from the fact that Fuller, while in its employ, designed and

aided in the manufacture of the alleged infringing machine. Is this fact sufficient to produce that result? Mellor v. Carroll and Mergenthaler Linotype Co. v. International Typesetting Mach. Co., supra, indicate that it is, while Boston Lasting-Mach. Co. v. Woodward indicates that it is not. If it is sufficient, it must be because there is privity of title or interest. Fuller, however, has, so far as shown, no title whatever to the alleged infringing machine, and no interest therein, save as an employee of the defendant corporation, and this will not suffice.

To what else could there be privity of title? If it be said that the knowledge and information obtained by the Remington Arms Company from Fuller is property; that communication of knowledge is a transfer of property, and that by analogy to the rules of law applicable to real estate (Doe v. Dowdall, 3 Houst. [Del.] 369, 11 Am. Rep. 757), the recipient is thereby put in privity with the estopped patentee, it is difficult to understand why the doctrine of estoppel should apply to a person receiving the information from the patentee, and not to one obtaining it direct from the patent. The doctrine of estoppel is not shifting and uncertain, according to the caprice of the judge, but rests upon well-defined rules. Bull v. Rowe, 13 S. C. 355.

[9, 10] If plaintiff relies upon the contracts of Fuller with the plaintiff, Fuller becomes an indispensable party. He is a nonresident of this district, as is the plaintiff. As the doctrine of estoppel, if invoked, may exclude the truth, it should not, I think, be extended to persons to whom it is not clearly applicable. As I am unable to find any principle to support the decisions in Mellor v. Carroll and in Mergenthaler Linotype Co. v. International Typesetting Mach. Co., and as I think Boston Lasting-Mach. Co. v. Woodward, 82 Fed. 97, 27 C. C. A. 69, is sound in principle, I must conclude that the Remington Arms Company has not been shown to be privy with Fuller; that, consequently, the estoppel which applies to him does not extend to that company; and that as to it the validity of the claims in issue is open for determination. Furthermore, it seems doubtful, if my understanding of the decision of the Court of Appeals for this circuit in Standard Water Systems Co. v. Griscom-Russell Co., 278 Fed. 703, be correct, whether a preliminary injunction may be awarded by this court, where the plaintiff relies for validity of the patent solely upon estoppel. The court said:

"It is true that the defendant Row. who asserted invention and received the patent, is estopped from denying invention; but he is not estopped from showing to what extent his alleged invention is limited by the prior art. This question, however, seems to be immaterial in this case. The public is interested in every adjudication with respect to the validity of a patent, and it is the duty of courts having jurisdiction of patent causes to have regard, at all times, of the rights of the public, so that such rights may be rather enlarged than diminished by judicial determination. That the public is interested in every patent case is apparent from reading the opinion in Hill v. Wooster, 132 U. S. 693, 10 Sup. Ct. 228, 33 L. Ed. 502. That opinion is also in point, because it emphasizes the doctrine that it is not enough that the thing shall be new, that in the shape or form in which it is produced it shall not have been known before, and that it shall be useful; but it must, under the Constitution and the statutes, amount to invention or discovery. * * * As before said, regardless of the principle that an assignee of a patent cannot deny invention, it is the duty of the court to determine lack of invention, where apparent, in order that the public interests may be guarded."

As the patent relied upon in support of the motion for a preliminary injunction has not been adjudicated or acquiesced in by the public; as, in my opinion, the Remington Arms Company is not estopped to deny its validity; as it has attacked its validity; and as, under the decision in Standard Water Systems Co. v. Griscom-Russell Co., supra, "regardless of the principle that an assignee of a patent cannot deny invention, it is the duty of the court to determine lack of invention, where apparent, in order that the public interests may be guarded"—there is here lacking that special presumption of validity which is an essential prerequisite to the awarding of a preliminary injunction in a patent case.

The motion for a preliminary injunction must be denied.