MARVEL CO. v. PEARL et al.

(Circuit Court, S. D. New York. February 20, 1902.)

1. PATENTS—ESTOPPEL.
  A patentee, and likewise a corporation, which it organizes and controls, are estopped to assert the invalidity of the patent as against an assignee thereof.

2. SAME—INFRINGEMENT—PRELIMINARY INJUNCTION.
  There being dispute as to the equities, preliminary injunction in suit for infringement of patent will not issue, defendants giving a bond to respond for profits or damages ultimately found, and filing statements of sales.

Motion for Preliminary Injunction on Design Patent No. 30,023, January 17, 1899, and Mechanical Patent No. 616,963, January 3, 1899.

Philip Manro, for the motion.
Henry B. Brownell, opposed.

LACOMBE, Circuit Judge. The design patent sued on in this cause is another instance of a perversion of the statute. Patents for designs are intended to apply to matters of ornament, in which the utility depends upon the pleasing effect imparted to the eye, and not upon any new function. Rowe v. Blodgett & Clapp Co. (Nov. 14, 1901) 50 C. C. A. 120, 112 Fed. 61. Syringes of this sort are not bought because of their artistic beauty, but because they are mechanically useful. However, the defendant Tullar Pearl, who is himself the patentee and assignor to the complainant, cannot be heard to assert the invalidity of his patent, nor can the defendant company, which he organized and controls. There seems, however, to be no infringement of the design shown. As patentee and assignor of the mechanical patent, defendant Tullar cannot be heard to dispute its validity; and his corporation is in the same situation. They cannot controvert the statement in the specification that the patentee was "the first to provide a syringe wherein the water is discharged by the compression of a bulb with a stationary deflector held in the end thereof, and formed of a disk having radial slits therein extending from a point near the center, and the portions between the slits bent to form wings, which are disposed at such an angle as to present inclined or spiral passages to the discharge or flow of the liquid." In the alleged infringing device inclined or spiral passages for the discharge or flow of the liquid are presented in the shape of the inclined or slanting perforations, which seem to be a fair equivalent of the slits with slanting wings.

Inasmuch as there is some dispute as to the equities, preliminary injunction will not issue if defendants, within 10 days, give a bond for $2,000 to respond for profits or damages ultimately found, and file within 20 days a full sworn statement of all of the alleged infringing devices sold down to and including February 28th and within the first week in April, and in each succeeding month file a similar sworn statement covering sales of the preceding month. In the event of failure to comply with these conditions, preliminary injunction under the mechanical patent may issue.