SCHAUM et al. v. RIEHL et al.

(Circuit Court, E. D. Pennsylvania. August 14, 1903.)

No. 56.

**1. PATENTS—CONSTRUCTION OF CLAIM—INFRINGEMENT.**

Where a patentee has pointed out in his claims the precise construction that is to be regarded as his invention, by references to the drawings, his patent may properly be confined to such construction on an issue as to infringement.

**2. SAME—SHUTTLE BLOCKS FOR LOOMS.**

The Wagner patent, No. 473,563, for a shuttle-carrying block of a swivel-loom, claim 1, construed, and, as limited by the prior art, and by its own references to the construction of parts as shown by the drawings, *held* not infringed.

In Equity. Suit for infringement of letters patent No. 473,563, for a shuttle-carrying block of a swivel-loom, granted April, 1892, to August Wagner. On final hearing.

E. C. Rhoads, for complainants.

E. H. Fairbanks, for respondents.

J. B. McPHERSON, District Judge. The subject-matter of this controversy is the infringement of the first claim of letters patent No. 473,563, granted in April, 1892, for an improvement in the shuttle-carrying block of a swivel-loom. The claim is as follows:

"(1) The independent shuttle-carrying blocks formed with downwardly-extending flanges, $h^1$, and horizontal flanges, $h^3$, said flanges being made integral with the blocks and inclosing the L-shaped recesses, $h^4$, $h^5$, and said blocks having also vertical recesses formed in their fronts, in combination with pinions, J, journaled in the vertical recesses, and having their teeth extending into groove, $h^6$, and above the top of the block."

The inventor was August Wagner, a defendant in the present suit, by whom the patent was assigned before issue to the plaintiffs. He is now the foreman in the workshop of the other defendants, and in view of the facts that he was the original inventor, that he assigned the patent to the plaintiffs while in their service, and that he was employed by the Messrs. Riehl when the infringing blocks were made, it is argued that the defendants are estopped from denying the validity of the patent. The cases of Marvel Co. v. Pearl (C. C.) 114 Fed. 946, Consolidated Rubber Tire Co. v. Finley Co. (C. C.) 116 Fed. 638, and Regent Mfg. Co. v. Penn Mfg. Co. (C. C. A.) 121 Fed. 80, are cited in support of this proposition, but it need not be considered, if I am correct in believing that the defense of noninfringement has been satisfactorily established. But I think it proper to add that if I am wrong in this conclusion, and if the defendants are at liberty to question the validity of the patent in this suit, I should have no hesitation in deciding that the German patent to Brand, granted in 1886—to say nothing of any other patent—was a clear anticipation of the plaintiffs' device, so far at least as the claim under consideration is concerned.

Laying the matter of estoppel aside, therefore, and turning to the defense of noninfringement, I do not think a prolonged discussion of

¶ 1. See Patents, vol. 38, Cent. Dig. § 243.

the subject is necessary. It is manifest that the patent must be narrowly construed, both in view of the prior art, and for the further reason that the inventor was himself careful to limit his claims by reference to the drawings that accompany the specification. He has thus pointed out the precise construction that is to be regarded as his invention, and to this I think he may properly be confined. From this construction the block manufactured by the defendants differs in three particulars: It is made of a plurality of pieces instead of in one piece, it has a T-shaped recess instead of an L-shaped recess, and the flanges inclosing the recess are not integral with the block. Mr. Hains, the defendants' expert—a witness of unusual knowledge and experience in the department of textile fabrics and textile machinery—explains the differences more elaborately in the following words:

"The defendants' device consists of a shuttle block having the usual functional characteristics common to these devices, namely, as a supporting and guiding means for the small shuttles in swivel or narrow ware looms.

"Structurally considered, it is a composite block, formed of three separate pieces, namely, a face piece, a central piece, and a depending flange piece, all secured together by suitable screw connections. The face piece of the block is provided with recesses in which the usual pinions of the prior-art structures are mounted for moving the shuttles from block to block. The central piece is provided with a flanged upper portion, and is cut away below said flange for the accommodation and reception of the upper edge of the separate and detachable depending flange piece. The lower portion of the depending flange piece is substantially L-shaped, and a groove is formed, which, in its entirety, is of T shape, between the lower flanged edge of the depending flanged piece and the edge of the central piece. In other words, the block (the part corresponding to the block, $H^1$, of the patent in suit, which is formed in one piece) is formed in two separate and distinct parts united by screws, and these parts are specially formed to permit adjustment of one part of the structure with relation to the other when the parts become worn. To permit of this adjustable characteristic, which is essentially desirable in these devices, the depending flanged piece has in its upper edge slots adapted to embrace the screw and tube connection which unite the three pieces of the block together, whereby provision is made for adjusting the depending flanged piece with respect to the central piece when the T-shaped groove formed by these separate pieces becomes enlarged or worn from continued use.

"When the groove which holds the shuttles and guides them in defendants' device becomes worn, the separate depending flange piece can be removed from the central piece, and a small portion of the upper edge of the depending flange piece shaved off, whereupon tightening of the screws which pass from the top of the center piece into the edge of the flange piece will draw the parts together, and the block assume perfect working conditions. This adjustment is altogether absent from the construction of the complainants' patent, or claim 1 thereof, and is one of the identifying features of defendants' shuttle block, which marks it as an advance in the art over the form of the solid or integral shuttle block of complainants' patent.

"The shuttle block of defendants is secured to supporting posts made fast to the lay beam or swivel shuttle beam, as the case may be, by means of screws passed through the axis of the pinions.

"The recesses formed in the shuttle block in defendants' structure, and the pinions for operating the shuttles mounted therein, are features of the prior art, and common as well in defendants' as in complainants' structures; but these portions of the device need no comparison, since they are taken bodily from the prior art.

"In summary, therefore, complainants' device of the patent in suit has as its identifying characteristic the integral formation of the block, with its depending flanges, whereas the identifying feature of the defendants' device resides in a totally different construction, wherein the block and flanges are

formed of a plurality of pieces, secured together in a manner to permit adjustment to vary the size of the supporting and guiding grooves.

"Claim 1 of the patent in suit calls for an integrally formed block having the downwardly extending flange, h², and the horizontal flange, h³, made in one piece with said block, and together inclosing an L-shaped recess or groove.

"Defendants' structure lacks this element of the said claim, for the reason that the part corresponding to the block in complainants' claim 1 (being the central piece) has no groove forming flanges formed integral therewith. In fact, the flanges are produced in defendants' structure by a separate and distinct piece, adjustably secured to the central piece. This distinction is material, especially in view of the record, as disclosed by the file wrapper and contents, which shows that not until the claim was definitely restricted to a construction in which the integral formation of the block and flanges was included, did the Patent Office decide the claim definitive of anything over the prior art, as produced by the Patent Office search. Omitting from consideration also the German patent of 1886, which, as I have stated, is a clear disclosure of everything in the complainants' shuttle block, I find that the Mueller patent of 1877, for instance, shows a shuttel block having the flanges formed of parts separate and united together; the other elements of the claim being also present in such prior construction. Unless the integral formation of block and flanges is to be regarded as the device defined by claim 1, all novelty in such claim fails. This element of the claim does not mean a number of parts secured together to form a block with a suitable supporting and guiding groove for the shuttle. If so, it is found in the prior art devices, such as the Mueller patent. In making this statement of nonidentity between the construction of claim 1 and defendants' device, I have not considered the German patent of 1886, since that patent, in my opinion, negatives all novelty in the claimed structure, even with the integral formation of the block and flanges.

"Moreover, this difference in the structures of claim 1 and defendants' devices results in a most important difference in function, in that, by the separate and independent formation of defendants' device, adjustment of the sides of the groove is rendered possible, whereas in complainants' device of the patent in suit this is altogether impossible, and adjustment could only be had in the complainants' device by splitting the block, and in effect converting it into the device of defendants. In fact, the defendants' structure differs more from a structure defined by claim 1 of the patent than does the structure of claim 1 differ from the prior art."

In my opinion, nothing more need be added to this convincing explanation.

A decree may be entered dismissing the bill at the costs of the complainants.