### MELLOR v. CARROLL et al.

(Circuit Court, D. Massachusetts. December 22, 1905.)

#### No. 2,159.

1. PATENTS—SUIT FOR INFRINGEMENT—PRIVITY OF ESTOPPEL WITH ASSIGNOR.
　　If the assignor of a patent, who is estopped to deny its validity, enters into business with others, and all, availing themselves of his knowledge of the patented process or machine, enter upon a manufacture infringing the patent, all are bound by his estoppel when sued for infringement; and, when individuals so estopped form a corporation to carry on the infringing manufacture, the corporation is also deemed in privity of estoppel with them, even though it has some stockholder who is more or less ignorant of the history of the patent and of the transactions which led to the incorporation.
　　[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 184.]

2. SAME—INFRINGEMENT.
　　The Carroll patent, No. 475,929, for a nonmetallic bearing, *held* infringed on motion for a preliminary injunction in a suit by the assignee against the patentee and others.

In Equity. Suit for infringement of letters patent No. 475,929, for a nonmetallic bearing, granted to William T. Carroll May 31, 1892. On motion for preliminary injunction.

Howson & Howson and Roberts & Mitchell, for complainant.

George N. Goddard, for defendants.

LOWELL, Circuit Judge. This is a bill in equity to restrain the infringement of letters patent No. 475,929, issued to Carroll, one of the defendants. The case is before the court on motion for a preliminary injunction.

The complainant is the assignee of Carroll, and Carroll is therefore estopped to deny the validity of the patent. The complainant alleges that the other defendants are so engaged with Carroll in the infringing manufacture that they are included in his estoppel. The defendants Pharaoh and C. E. Forbes "were associated" with Carroll. As the result of this association, Carroll and Pharaoh, with I. B. Forbes, organized the defendant corporation, of which they were sole stockholders and sole directors; Carroll being president. The defendant Charles E. Forbes succeeded I. B. Forbes as stockholder and director. The directors voted that the corporation buy of Carroll, Pharaoh, and C. E. Forbes (i. e., of themselves) the inventions and appliances, goodwill and trade-marks, secret process and recipe, correspondence, merchandise, machinery, tools, working process, etc., which were concerned and concerned only with the alleged infringing manufacture. For this conveyance the three directors were paid by the issue of stock, and by an additional payment to Carroll in cash. Of this corporation Carroll has been president, and is now director.

It is not easy to state precisely the rule by which is tested the estoppel of those, not themselves assignors, who are associated with the assignor of a patent in a manufacture alleged to infringe. The assignor is estopped to deny the validity of the patent by reason of his grant, but this reason does not apply to those who have become associated with him in business since the grant. If they had no connection with him, they could not be prevented from showing that the patent is invalid, in a suit for their alleged infringement of it, and this would be equally true, whether they knew of the assignment or were ignorant of it. Upon what principle can A. be restrained from making an article because B. has estopped himself to contest that it is patented? If A. is merely an employé of B., he may be restrained as such employé. But the cases extend the privity of estoppel beyond the case of an employé. Continental Wire Fence Co. v. Pendergast (C. C.) 126 Fed. 381; Daniel v. Miller (C. C.) 81 Fed. 1000; Time Telegraph Co. v. Himmer (C. C.) 19 Fed. 322; Woodward v. Boston Lasting Machine Co., 60 Fed. 283, 8 C. C. A. 622; Marvel Co. v. Pearl (C. C.) 114 Fed. 946; National Conduit Co. v. Connecticut Pipe Co. (C. C.) 73 Fed. 491.

Mere co-operation in the alleged infringement with the estopped assignor may not, as suggested in Continental Co. v. Pendergast (C. C.) 126 Fed. 381, 384, be enough to create the estoppel. If the estopped assignor enters into business with others, who derive from

141 F.—63

him their knowledge of the patented process or machine, and, availing themselves of his knowledge and assistance, enter with him upon a manufacture infringing the patent which he has assigned, they are bound by his estoppel. By the application of this test the defendants Pharaoh and Forbes are here bound by the estoppel of Carroll. When individuals thus estopped establish a corporation to carry on a business which they would be restrained from carrying on as individuals, then the corporation, also, is deemed in privity of estoppel with them, even though it contain some stockholder more or less ignorant of the history of the patent and of the transactions leading up to the incorporation. From these considerations it follows that all the defendants are here estopped to deny the validity of the patent here in suit. Were this not true, then any estopped assignor could escape the effect of his estoppel by incorporating himself, and securing for his corporation a single bona fide stockholder for value.

That the defendants infringed the patent, if it is valid, is plain. Their advertisements practically admit this, and the analyses of the complainant's experts establish it. Under the circumstances the defense of laches is not applicable. Interlocutory injunction to issue.