NATIONAL RECORDING SAFE CO. v. INTERNATIONAL SAFE CO. et al.

(Circuit Court, N. D. Illinois, E. D.   January 24, 1908.)

No. 28,855.

1. PATENTS—INFRINGEMENT BY PATENTEE—ESTOPPEL BY ASSIGNMENT.

Where a patentee who has assigned his patent organizes and controls a corporation which is charged with infringement, it is estopped to the same extent that he would be to deny the validity of the patent, or to invoke the prior art to limit its claims, as made and allowed, and outside evidence is admissible only where the language is ambiguous to make clear what the applicant meant to claim and the government to allow.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 290–294.]

**2. SAME—INFRINGEMENT—PORTABLE SAVINGS BANK.**
The Fisher patent No. 793,779 for a portable savings bank, construed in the light of the contents of the file wrapper, *held* not so clearly infringed as to warrant the granting of a preliminary injunction.

In Equity. On motion for preliminary injunction.

Charles E. Pain and Walter H. Chamberlin, for complainant.
Dyrenforth, Lee, Chritton & Wiles, for defendants.

KOHLSAAT, Circuit Judge. Complainant moves the court for a preliminary injunction herein. The bill charges infringement of claims 1, 5, 6, and 8 of patent No. 793,779, dated July 4, 1905, for a portable savings bank. The application was filed by the defendant Fisher while in complainant's employ, who then assigned his invention, which, by various steps, became and is, together with the patent issued thereon, the property of complainant herein. This is seriously contested by defendants, but may be and is assumed from the record for the purposes of this suit. Fisher received for his patent one-third of the capital stock of the complainant, valued at $5,000, upon which he has been paid in dividends 42½ per cent. and became a director of the company. Afterwards, and while retaining nominal connection with complainant, he organized the defendant company, taking $12,000 of stock out of a capital of $25,000, and assuming the position of secretary and treasurer. At first defendants manufactured certain noninfringing devices, and later, began the manufacture of the alleged infringing portable savings bank. The facts now produced bring defendants within the rule as to estoppel laid down in Siemens-Halske Electric Company v. Duncan Electric Mfg. Company, 142 Fed. 157, 73 C. C. A. 375. Fisher was the moving spirit. He induced the manufacture of the alleged infringing device, and the other stockholders, two in number, should be bound by the estoppel against him for whatever it is worth. In the Siemens-Halske Case aforesaid, where such estoppel was upheld, the court says that extraneous evidence is inadmissible in the absence of uncertainty in the language of the description and claims, and, in case of uncertainty, "outside evidence," says the court, "is admissible only to make clear what the applicant meant to claim and the government to allow, and not for the purpose of showing, even in the slightest degree, that the applicant had no right to claim, and that the government was improvident in allowing what was in fact claimed and allowed." In Mellor v. Carroll (C. C.) 141 Fed. 992, the court says:

"If the estopped assignor enters into business with others who derive from him their knowledge of the patented process or machine and, availing themselves of his knowledge or assistance, enter with him upon a manufacture infringing the patent, which he has assigned, they are bound by his estoppel."

Fisher cannot hide behind the corporation, which he is using to accomplish the thing complained of.

It is conceded by complainant that, for the purposes of this hearing, only claims 6 and 8 need be considered. These read as follows, viz.:

"6. In a savings-bank, the combination with a circular base, of a plurality of vertical flanges supported above the base and spaced apart to form compartments for the coins, walls uniting the inner edges of adjacent flanges, said

walls forming a central compartment, a cover comprising a surrounding side wall and top united thereto and adapted to inclose the base and flanges thereon, means for detachably securing said cover to the base, said cover having slots therethrough communicated with the compartments between the flanges and said central compartment.

8. In a savings-bank, the combination with a base, of a plurality of vertical flanges supported above the base and spaced apart to form compartments for the coins, a cover comprising a surrounding side wall and top wall united thereto, said cover adapted to inclose the base and the flanges thereon, and a lock secured to the under side of said top the bolt of which engages a slot in one of the walls between the inner edges of the two adjacent flanges."

There is a conflict between the experts of the two parties as to just what is meant by the phrase "spaced apart to form compartment for the coins," used in both claims 6 and 8. It is contended by defendants that the device of the patent in suit calls for a portable bank having compartments for different sized coins, from which the said coins can be removed laterally when the case is taken off—that is, as expressed in claim 2, and in different language in claims 3 and 4, "the distance between the outer edges of the radial flanges at each side of each compartment being greater than the diameter of the coins to be received by such compartment." In support of this contention defendant calls attention, first, to the language of claims 2, 3, and 4 aforesaid; second, to the drawings, every one of which shows such a construction (Walker on Patents [4th Ed.] pp. 172, 173, § 182); third, in construing the meaning of the phrase "the distance between the flanges of each compartment being greater than the diameter of the coins to be received by such compartment," found in amended claims 1 and 7 (present claims 1 and 5). Counsel for complainant, in their remarks accompanying their amended application of June 2, 1904, say:

"Claims 1, 2, 3, 4, and 7 have been amended to more clearly distinguish applicant's invention from the prior art by setting forth the fact that the distance between the outer edges of the adjacent flanges is greater than the diameters of the coins to be received in the compartment between such flanges. This feature facilitates the counting of the contents of the bank, inasmuch as the case may be removed, leaving the case with all of the coins contained in the bank, stacked within the compartments from which the coins may be readily removed by the teller in counting the same."

Fourth, the specifications, lines 64 and 75, p. 1, read the phrase, "The radial flanges are spaced apart to correspond with the diameters of the various denominations of coins," upon the compartments shown in the drawings to be formed by flanges wider at their outer edges than the coins to be inserted.

As above intimated, defendant is estopped from attacking the validity of the patent in suit. Nor is the court at liberty to hear extraneous evidence for any purpose other than to enable it to arrive at the scope of the claims, and then only when there is doubt as to the construction to be placed upon them. By reference to claims 6 and 8 in suit, it will appear that the flanges are "spaced apart to form compartments for the coins." It is insisted by complainant that these words are not modified by the drawings and specifications to the extent of reading into them the further provision that the compartments must have lateral openings larger than the coins they are expected to hold.

The language is certainly obscure in the light of the other claims, the specifications, and drawings. It can hardly be seriously contended that the patentee intended to say that the several compartments should be large enough to receive the several coins for which they are provided, and yet that would seem to be a fair paraphrase of complainant's construction of the language of the claims in suit.

There seems to exist a case coming within the exceptions in the cases above cited. Under the circumstances, it is within the rule of law above stated to consider the file wrapper and contents. From the foregoing consideration thereof, it may fairly be deduced that the device of the patent in suit covers only a savings bank in which the outer edges of the flanges are spaced apart to a distance greater than the width of the coin to be received between them. It would be proper also to declare the prior art, so far as introduced, for this purpose. A careful examination thereof, however, does not alter the opinion of the court upon the subject of the scope of claims 6 and 8 for the purposes of this hearing. Such being the case, the court cannot say from the evidence now before it that defendant's device, which is for a compartment, the lateral opening of which is less than the width of the coin, infringes. For the purpose of granting preliminary relief, the mind of the court should be free from doubt and uncertainty. Such is not here the case, and the prayer for preliminary relief must be, and is, denied.